Filed 5/1/13  P. v. Roberson CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ROBERT THOMAS ROBERSON, JR.,<br><br>    Defendant and Appellant. | H038340<br>(Santa Clara County<br>Super. Ct. No. CC961917) |

Defendant Robert Thomas Roberson, Jr., pleaded no contest to kidnapping and assault by means of force likely to produce great bodily injury.  He also admitted suffering two prior convictions for purposes of the Three Strikes law and one prior serious felony conviction for purposes of a five-year sentence enhancement.  The trial court denied defendant's *Romero*[1] motion and sentenced him to 50 years to life for the convictions consecutive to five years for the enhancement.  On appeal, defendant contends that the trial court (1) abused its discretion by denying his *Romero* motion, and (2) erred by imposing cruel and unusual punishment.  We disagree and affirm the judgment.

BACKGROUND

While defendant drove home with his girlfriend (victim), the two began arguing.  The argument escalated, and defendant stopped the car.  The victim attempted to

---

[1] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (motion to dismiss prior convictions) (*Romero*).

telephone 911, but defendant grabbed the phone and threw it out of reach. The argument continued when the two reached the inside of their home. At some point, the couple went outside and defendant pushed the victim into the car and drove away. Defendant then punched the victim in the legs and abdomen. He stopped the car and threatened suicide. The victim attempted to flee, but defendant grabbed her by the hair and forced her back into the car. Defendant then got out of the car and threatened suicide again. The victim exited the car and telephoned 911, but she could not convey a coherent message. Defendant pushed her back into the car, drove away, and began punching her again. At some point, defendant apologized and made the victim change her shirt to conceal that there had been a fight and promise to tell others that they had been robbed and beaten. When they returned home, the victim's daughter recognized her mother's distress and telephoned 911.

Defendant's criminal history consists of four felony convictions for possession of a controlled substance, two felony convictions for sexual penetration with a foreign object, one felony conviction for assault by means of force likely to produce great bodily injury, five misdemeanor convictions, and multiple arrests for parole violations.

In his *Romero* motion papers, defendant acknowledged his extensive record: "[Defendant] is a thirty-eight year old man who suffers from two prior strike convictions against two different women occurring in 1993. Upon his initial release from prison, he also suffered parole violations in 1996, 1997, 1998, and he was recommitted to prison in 2000 for a new, felony drug possession charge [citation]. A review of [his] RAP reveals that two of his parole violations were also drug related." He asserted, however, that he had "committed himself to leading a drug-free life and was able to maintain that existence until his relapse shortly before his arrest [in this case]." He explained that he had regularly worked from 2001 until he injured his back in 2008, which resulted in him beginning to take prescription pain medication. He submitted a psychological evaluation that diagnosed him with anxiety disorder and depressive disorder. He pointed out that the

victim had told the probation officer that defendant should not suffer a life sentence and urged that his priors were old. He asked that the trial court strike one of the priors.

In denying the motion, the trial court explained as follows: "These motions are not based, they cannot be based on sympathy for you or prejudice against you. These motions are, essentially, ones where I need to decide, based upon the law what I believe the law directs me to do. [¶] And to that extent, it doesn't allow me, for example, to take into consideration my personal feelings about the Three Strikes law. It doesn't allow me, for example, to take exclusively into consideration the feelings of the victim in this case, although that is a factor to be considered as is the fact that there was at least a decade in which you showed that you had the ability to be a law abiding citizen in our community. [¶] The value in the Court's estimation of that period of time is that it shows, with your ability, that you do have some future prospects, which is another thing to consider to be law abiding. And that is something the law, again, instructs me I can consider with respect to your case. [¶] Your attorney suggests that I can somehow engage in the balancing of what would happen to you if I struck a strike and imposed a stiff sentence as a two-striker in your case, which would be a 23-year sentence, as he suggests. And I'm reluctant to get involved in that particular exercise, because the cases that I've reviewed with respect to three strikes really are more formulaic than that. What I mean by that is I have to look at your prior offenses. I have to look at your current offense. I have to look at the period of time between your prior strikes and your current offense. And then I have to take a look at your future prospects. And like I said, to some extent there's a period of time in the middle there that bodes well in your favor. And your future prospects certainly arguably indicate that at some point in time you could again contribute to society. [¶] All of that having been said, when the Three Strikes law was put in place it was meant to protect society against serious and violent offenders. And one of the criticisms that the law has come under over time is, as you're aware, a third felony doesn't have to be serious or violent. It can be any felony if you're a two striker that

makes your third strike a life case. And I point that out to you because it's under that context that I look at this offense. And the fact that this current offense is a serious and violent crime is something that does not bode well in your favor. [¶] It similarly does not bode well in your favor is that your prior strikes are also against women. And as the DA points out, you have a history of violent crime against women in your case. . . . And that, in the Court's estimation, makes your case a case that falls sadly and unfortunately well within what the spirit and intent of the Three Strikes law is and should be."

<u>*ROMERO*</u> MOTION

Under Penal Code section 1385, subdivision (a), a judge "may, either of his or her own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed." *Romero* held that "a trial court may strike or vacate an allegation or finding under the Three Strikes law that a defendant has previously been convicted of a serious and/or violent felony, on its own motion, 'in furtherance of justice' pursuant to . . . section 1385[, subdivision] (a)." (*People v. Williams* (1998) 17 Cal.4th 148, 158.) When a trial court considers a motion under *Romero*, it "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the [spirit of the three strikes law] scheme[] . . . in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*Id.* at p. 161.) The Three Strikes law "establishes a sentencing requirement to be applied in every case where the defendant has at least one qualifying strike" unless the trial court deems the defendant falls outside the three strikes scheme. (*People v. Strong* (2001) 87 Cal.App.4th 328, 337.) Only under "extraordinary" circumstances can a trial court find a defendant "fall[s] outside the spirit of the very scheme within which he squarely falls once he commits a strike as part of a long and continuous criminal record, the continuation of which the law was meant to attack." (*Id.* at p. 338.)

Defendant argues that the trial court abused its discretion because it failed to consider the length of his overall sentence and the sympathy factors favorable to him. There is no merit to the point.

It is true that a trial court errs if it fails to appreciate the scope of its discretion and therefore fails to exercise it. (*People v. Carmony* (2004) 33 Cal.4th 367, 378.) But it is defendant's burden to demonstrate an abuse of discretion (*People v. Romero* (2002) 99 Cal.App.4th 1418, 1433-1434), and reviewing courts will not infer sentencing error if the record does not affirmatively show it. (*People v. Carmony*, *supra*, at p. 378 [court ordinarily is presumed to have correctly applied the law on *Romero* motions].) In this context--where a defendant seeks to establish the negative proposition that the trial court did not consider what it was required to consider--a defendant can rarely meet the burden to affirmatively demonstrate error because the trial court is not required to state reasons for declining to strike a strike prior. (*People v. Gillispie* (1997) 60 Cal.App.4th 429, 433.) In other words, where the Legislature establishes a sentencing norm and requires the trial court to explicitly justify a departure therefrom, all that is required on the appellate record is a showing that the trial court was aware of its discretion to select an alternative disposition. (*Id*. at p. 434.)

Here, the record shows that the trial court was aware of its sentencing options. Defendant filed a written motion, the People responded, and the parties argued their positions. Moreover, the trial court's own words indicate an awareness that defendant faced a lengthy sentence, suffered from mental health issues, and had a crime-free period in his life. The trial court was unquestionably aware of its discretion under *Romero*, namely to balance the nature and circumstances of defendant's present felonies, prior convictions, and background, character, and prospects to determine whether defendant may be deemed outside the spirit of the Three Strikes law. Defendant interprets the trial court's statements about not basing its decision on sympathy or prejudice and balancing what would happen if it struck a prior as a refusal to exercise its discretion. But this

5

interpretation of isolated statements is contradicted by the record as a whole--the trial court's remarks can be interpreted as communicating that the trial court was exercising its discretion dispassionately and inclined against reducing the length of the sentence in light of defendant's record.

## CRUEL AND UNUSUAL PUNISHMENT

Defendant argues that his sentence constitutes cruel and unusual punishment under the federal and state Constitutions. (U.S. Const., 8th Amend.; Cal. Const., art. I, § 17.) We disagree.

Since the California Constitution's prohibition against cruel or unusual punishment is arguably broader than the United States Constitution's prohibition against cruel and unusual punishment, we analyze defendant's contention under the California standard only. A punishment that satisfies this standard necessarily also satisfies the federal standard. (Cf. *People v. Anderson* (1972) 6 Cal.3d 628.)

In analyzing the separate prohibition against cruel or unusual punishments provided in the California Constitution, the California Supreme Court has said that a sentence will violate the state Constitution if "it is so disproportionate to the crime for which it is inflicted that it shocks the conscience and offends fundamental notions of human dignity." (*In re Lynch* (1972) 8 Cal.3d 410, 424 (*Lynch*).)

Although *Lynch* sets forth a rather lengthy, threefold examination of the question of disproportionality (see *Lynch*, *supra*, 8 Cal.3d at pp. 425-429), we believe that there must be a point when the standard version of the argument, such as that made here by defendant, may be summarily rejected. (See, e.g., *People v. Cortez* (1999) 73 Cal.App.4th 276, 286.)[2]

---

[2] An opinion of the Court of Appeal that does not warrant publication furthers only the review-for-correctness function of the court, and, as such, does not merit extensive factual or legal statement. (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851.) "Memorandum opinions may vary in style, from a stereotyped checklist or 'fill in the (continued)

To the extent that defendant relies on the nature of his offense and the disproportionate punishment under the recidivist statutes of other jurisdictions, we summarily reject defendant's argument for the reasons stated fully in *People v. Cooper* (1996) 43 Cal.App.4th 815, 825-828. To the extent that defendant relies on the nature-of-the-offender factor, we conclude that the assertion that his sentence is cruel and unusual rings hollow when considered against his lengthy, serious record. Defendant cites no case holding that such a sentence, given such a record, is unconstitutional. He argues that his sentence is unconstitutionally excessive given his "mental health issues, the age of his prior offenses, and the fact that these prior offenses occurred during a single four-day span." But he cites no case so holding.

We also note that the United States Supreme Court in *Lockyer v. Andrade* (2003) 538 U.S. 63, and *Ewing v. California* (2003) 538 U.S. 11 (*Ewing*), reexamined its opinions on the question of the proportionality of a term of years sentence under the federal Constitution, including *Rummel v. Estelle* (1980) 445 U.S. 263, *Solem v. Helm* (1983) 463 U.S. 277, and *Harmelin v. Michigan* (1991) 501 U.S. 957, and reiterated California's power to make "a judgment that protecting the public safety requires incapacitating criminals who have already been convicted of at least one serious or violent crime" and concluded "[n]othing in the Eighth Amendment prohibits California

blanks' form to a tailored summary of the critical facts and the applicable law. [Citations.] The briefest formats are appropriate in cases where the result is controlled by an admittedly constitutional statute and which present no special question of interpretation or application, cases where the result is controlled by an opinion of the Supreme Court of the United States or the Supreme Court of California, or, in the absence of either, where the result is consistent with an intermediate federal or state appellate decision with which the court agrees, cases where the factual contentions are subject to the routine application of the substantial evidence rule, cases decided by applying the authority of a companion case, cases in which the result is mandated by the United States Supreme Court, and cases where the appeal is not maintainable." (*Id.* at p. 853.) This issue is appropriate for a brief format.

7

from making that choice." (*Ewing*, *supra*, at p. 25.) As the court noted, "[i]n weighing the gravity of [a defendant's] offense, we must also place on the scales not only his current felony, but also his long history of felony recidivism." (*Id.* at p. 29.)

In short, defendant's arguments that his current and prior offenses are mitigated by other factors do not rise to such significance that the sentence he received could be said to shock the conscience or offend fundamental notions of human dignity. (*People v. Ingram* (1995) 40 Cal.App.4th 1397, 1414-1416 [upholding a 61 years to life sentence for "third strike" residential burglar]; *People v. Martinez* (1999) 71 Cal.App.4th 1502, 1511 [upholding a 25 years to life sentence for "third strike" possessor of methamphetamine who portrayed himself as a drug addict and victim of drugs, observing that "drug addiction is not necessarily regarded as a mitigating factor when a criminal defendant has a long-term problem and seems unwilling to pursue treatment."].)

## DISPOSITION

The judgment is affirmed.

_____
Premo, J.

WE CONCUR:

_____
Rushing, P.J.

_____
Elia, J.