86 Cal.Rptr.2d 234 (1999)
73 Cal.App.4th 276
The PEOPLE, Plaintiff and Respondent,
v.
Mierejildo CORTEZ, Defendant and Appellant.
No. B114504.
Court of Appeal, Second District, Division Three.
July 1, 1999.
Review Denied October 6, 1999.
*235 Richard Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.
Daniel E. Lungren and Bill Lockyer, Attorneys General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Senior Assistant Attorney General, William T. Harter, Supervising Deputy Attorney General, and Noah P. Hill, Deputy Attorney General, for Plaintiff and Respondent.
CROSKEY, J.
Mierejildo Cortez appeals from the judgment entered following his conviction by jury of possession of a firearm by a felon (Pen.Code, § 12021, subd. (a)(1)), with court findings that he suffered two prior felony convictions. (Pen.Code, §§ 667, subd. (d), 1170.12, subd. (a)(1).) He was sentenced to prison for 25 years to life.
In this case, we hold there is insufficient evidence that Cortez's 1992 conviction for discharging a firearm from a motor vehicle was a prior felony conviction for purposes of the Three Strikes Law; therefore, we *236 will remand the matter for a limited new trial on the prior felony conviction allegation. Because the issue may arise following remand, we also hold that the sentence of 25 years to life pursuant to the Three Strikes Law did not violate constitutional prohibitions against cruel or unusual punishment.

FACTUAL SUMMARY
Viewed in accordance with the usual rules on appeal (People v. Ochoa (1993) 6 Cal.4th 1199, 1206, 26 Cal.Rptr.2d 23, 864 P.2d 103), the evidence, the sufficiency of which as to the substantive offense is not in dispute, established that on September 20, 1996, Los Angeles police officers observed Cortez, a felon, exiting a residence and holding a rifle with its barrel pointed down. In defense, Cortez denied possession.
Based on the above, Cortez was convicted of a violation of Penal Code section 12021, subdivision (a)(1). The trial court then received evidence of his prior felony record in support of the People's allegations under the Three Strikes Law. It is that matter which provides the context for the principal issues before us.

CONTENTIONS
Cortez raises two issues in this appeal. First, he argues there was insufficient evidence that his 1992 conviction for discharging a firearm from a motor vehicle was a prior felony conviction for purposes of the Three Strikes Law. Second, he argues that his prison sentence of 25 years to life constitutes cruel and unusual punishment. The first argument has merit; the second does not.

DISCUSSION

1. There Is Insufficient Evidence That Cortez's 1992 Conviction For Violating Penal Code Section 1203k, Subdivision (c), Was A Prior Felony Conviction For Purposes Of The Three Strikes Law.

a. Pertinent Facts.

The information alleged, inter alia, that Cortez suffered two prior felony convictions under the Three Strikes Law: (1) an April 1992 conviction in People v. Cortez (Super.Ct. L.A. County, No. BA053217) for a violation of Penal Code section 12034, subdivision (c), and (2) a 1985 robbery conviction. Viewed in accordance with the usual rules on appeal (People v. Ochoa, supra, 6 Cal.4th at p. 1206, 26 Cal.Rptr.2d 23, 864 P.2d 103), the evidence established that Cortez suffered both prior convictions, and that the 1992 conviction was a result of a guilty plea.[1]However, this evidence did not disclose any specific facts concerning the predicate offense actually committed. Nonetheless, in June 1997, the court found true that Cortez suffered both convictions under the Three Strikes Law; the court's finding as to the 1985 conviction is undisputed. He was sentenced to prison for 25 years to life for the present offense pursuant to the Three Strikes Law.

b. Analysis

The Three Strikes Law provides, in pertinent part, for increased punishment for any person convicted of a felony who previously has been convicted of a serious felony. (Pen.Code, §§ 667, subd. (d)(1), 1192.7, subd. (c).) Cortez concedes there is sufficient evidence that he suffered a 1992 conviction for violating Penal Code section 12034, subdivision (c). He also concedes that the 1992 conviction was a prior felony conviction for purposes of the Three Strikes Law if, when committing the *237 predicate offense, he "personally use[d] a firearm" within the meaning of Penal Code section 1192.7, subdivision (c)(8). He also could have suffered a prior felony conviction if, when committing the predicate offense, he "personally used a dangerous or deadly weapon" within the meaning of Penal Code section 1192.7, subdivision (c)(23). Neither party suggests the 1992 conviction could qualify as a prior felony conviction on any basis other than as set out in subdivisions (c)(8) or (c)(23) of section 1192.7.
It is undisputed that the record in the present case does not disclose the facts of the predicate offense actually committed; therefore, the record proves nothing more than the least adjudicated elements of a violation of Penal Code section 12034, subdivision (c). We therefore presume the predicate offense was for the least offense punishable. (People v. Rodriguez (1998) 17 Cal.4th 253, 262, 70 Cal. Rptr.2d 334, 949 P.2d 31; People v. Guerrero (1988) 44 Cal.3d 343, 354-355, 243 Cal.Rptr. 688, 748 P.2d 1150.)[2] Finally, if, upon analysis of the elements of the predicate offense, we determine that the prior conviction "could have been based" (People v. Guerrero, supra, 44 Cal.3d at p. 354, 243 Cal.Rptr. 688, 748 P.2d 1150, italics added) on acts not specified in Penal Code section 1192.7, subdivisions (c)(8) or (c)(23), then, as a matter of the sufficiency of the evidence, the least offense punishable was not a serious felony, and the prior conviction may not be used to impose a sentence pursuant to the Three Strikes Law. (People v. Rodriguez, supra, 17 Cal.4th at pp. 261-262, 70 Cal.Rptr.2d 334, 949 P.2d 31; People v. Guerrero, supra, 44 Cal.3d at pp. 348-355, 243 Cal.Rptr. 688, 748 P.2d 1150.)
Accordingly, Cortez argues that "personal[] use[ ] [of] a firearm" within the meaning of Penal Code section 1192.7, subdivision (c)(8) (italics added), is not an element of the predicate offense as identified by its least adjudicated elements, and that, since he could have committed the predicate offense as an accomplice who did not "personally use[ ] a firearm," (italics added) there is insufficient evidence that he "personally use[d] a firearm" and suffered a prior felony conviction.
The People, relying upon People v. Guerrero (1993) 19 Cal.App.4th 401, 23 Cal.Rptr.2d 803,[3] dispute Cortez's argument and contend that, by his 1992 guilty plea, he admitted all of the elements of discharging a firearm from a motor vehicle, which caused the 1992 conviction to qualify as a prior felony conviction for purposes of the Three Strikes Law. In Guerrero, evidence of a guilty plea was introduced at a current trial on an allegation that the defendant suffered a prior serious felony conviction for purposes of Penal Code section 667, subdivision (a); the predicate offense to which the defendant pled guilty was one which must have been committed, as a matter of law, in only two alternative ways; only one would have caused the prior conviction to qualify as a prior serious felony conviction;[4] and, as a *238 result, the defendant argued there was insufficient evidence to support the finding that he had previously been convicted of a serious felony. (People v. Guerrero, supra, 19 Cal.App.4th at pp. 402-04, 23 Cal.Rptr.2d 803.)
The court in Guerrero stated that it had "determine[d] that there was substantial evidence" to support the enhancement (People v. Guerrero, supra, at p. 403, 23 Cal.Rptr.2d 803; italics added) and supported that conclusion by noting, "... we agree with the Attorney General that, since defendant pled guilty ... [to the federal bank robbery charge], he has admitted that ... [he committed the offense in the way that caused the prior conviction to qualify as a prior serious felony conviction] under California law. A guilty plea admits every element of the crime charged. (People v. Thomas (1986) 41 Cal.3d 837, 844, fn. 6, 226 Cal.Rptr. 107, 718 P.2d 94, ... [defendant's admission of a prior conviction was binding even if all of the elements of a serious felony were not actually present]; People v. Stanworth (1974) 11 Cal.3d 588, 604-605, 114 Cal. Rptr. 250, 522 P.2d 1058, ... [on appeal defendant cannot argue the sufficiency of the evidence as to a count to which he pled guilty].)" (People v. Guerrero, supra, 19 Cal.App.4th at pp. 407-408, 23 Cal.Rptr.2d 803 [first and second bracketed insertions added].)
Guerrero discussed People v. Tuggle (1991) 232 Cal.App.3d 147, 283 Cal.Rptr. 422, and characterized that case as concluding that a defendant who pled guilty to robbery was deemed to have admitted using both force and fear. (People v. Guerrero, supra, 19 Cal.App.4th at p. 408, 23 Cal.Rptr.2d 803.) Curiously, however, Guerrero omitted the fact that the defendant in Tuggle pled guilty to robbery as charged in an information that expressly alleged that he committed it using "force and fear." (People v. Tuggle, supra, 232 Cal.App.3d at pp. 153-154, 283 Cal.Rptr. 422, italics added.) In Guerrero, the defendant pled guilty to a violation of a federal bank robbery statute as alleged in an information, but Guerrero did not reveal whether that information alleged the two kinds of federal criminal conduct conjunctively or disjunctively. (People v. Guerrero, supra, 19 Cal.App.4th at p. 403, 23 Cal.Rptr.2d 803.) As mentioned, the statute itself referred to the two kinds of conduct in separate paragraphs, and the paragraphs were distinguished disjunctively.
Nonetheless, after discussing Tuggle, the Guerrero court stated, "[similarly, in the present case, when defendant pled guilty to the bank robbery charge, he admitted all of the elements of the offense which included ... [one or the other kind of criminal conduct]. In other words, defendant admitted culpability under both paragraphs of 18 United States Code section 2113(a) and he may not later relitigate the sufficiency of the evidence of the underlying felony conviction." (People v. Guerrero, supra, 19 Cal.App.4th at pp. 408-410, 23 Cal.Rptr.2d 803, italics added.) However, the viability of Guerrero's approach is called into serious question, not only because Guerrero erroneously relied on Tuggle, but also for another reason.
People v. Rodriguez, supra, decided in early 1998, held, inter alia, that a mere plea of guilty to a violation of Penal Code section 245, subdivision (a)(1),[5] that is, assault upon the person of another with a deadly weapon or instrument other than a firearm or by any means of force likely to *239 produce great bodily injury, was insufficient evidence that the defendant "personally used a dangerous or deadly weapon" within the meaning of Penal Code section 1192.7, subdivision (c)(23) (italics added), and, therefore, insufficient evidence that the defendant suffered a prior felony conviction for purposes of the Three Strikes Law. (People v. Rodriguez, supra, 17 Cal.4th at pp. 261-262, 70 Cal.Rptr.2d 334, 949 P.2d 31.)
Rodriguez concluded that such a guilty plea was insufficient evidence that the defendant had "us[ed] a deadly weapon." (People v. Rodriguez, supra, 17 Cal.4th at p. 261, 70 Cal.Rptr.2d 334, 949 P.2d 31, italics added.) The evidence was insufficient because the assault might have been only "by any means of force likely to produce great bodily injury." (Ibid.) We note that if the guilty plea was insufficient evidence that the defendant "us[ed] a deadly weapon," the guilty plea would also be insufficient evidence that he "us[ed] a deadly weapon" either personally, or as an accomplice who did not personally use a deadly weapon.
If the guilty plea at issue in Rodriguez was insufficient evidence that the defendant "usfed] a deadly weapon" (italics added), either personally or as an accomplice, it follows that the guilty plea was insufficient evidence that the defendant committed the substantive offense of assault with a deadly weapon, since such an assault requires use (although not personal use) of a deadly weapon (People v. Equarte (1986) 42 Cal.3d 456, 462-465, 229 Cal. Rptr. 116, 722 P.2d 890; People v. Whitehouse (1980) 112 Cal.App.3d 479, 484-85, 169 Cal.Rptr. 199; see People v. Aguilar (1997) 16 Cal.4th 1023, 1028-1034, 68 Cal. Rptr.2d 655, 945 P.2d 1204.)
Thus, Rodriguez implicitly rejected the reasoning that a guilty plea to a violation of a criminal statute (in Rodriguez, Penal Code section 245, subdivision (a)(1)) containing statutorily specified, alternative kinds of conduct is an admission, and thus sufficient evidence, that the defendant committed each kind of conduct. In other words, Rodriguez implicitly rejected Guerrero's reasoning, since Guerrero concluded that the defendant's guilty plea to the federal bank robbery statute constituted an admission that the defendant committed both kinds of statutorily specified, alternative types of conduct.
Rodriguez also held that the defendant's guilty plea to a violation of Penal Code section 245, subdivision (a)(1), was insufficient evidence that the defendant "personally use[d] a firearm "within the meaning of Penal Code section 1192.7, subdivision (c)(8) (italics added). (People v. Rodriguez, supra, 17 Cal.4th at pp. 261-262, 70 Cal.Rptr.2d 334, 949 P.2d 31.) The evidence was insufficient because "... one may aid and abet the assault without personally inflicting great bodily harm or using a firearm." (Id. at p. 261, 70 Cal. Rptr.2d 334, 949 P.2d 31, second italics added.)
Therefore, Rodriguez precludes the conclusion in the present case that Cortez's plea of guilty to discharging a firearm at a motor vehicle in violation of Penal Code section 12034, subdivision (c), constitutes an admission that he committed the predicate offense both by "personally us[ing] a firearm" within the meaning of Penal Code section 1192.7, subdivision (c)(8) (italics added), and as an accomplice who did not personally use a firearm. Similarly, it also precludes the conclusion that Cortez's guilty plea constitutes an admission that he committed the predicate offense both by "personally us[ing] a dangerous or deadly weapon" within the meaning of Penal Code section 1192.7, subdivision (c)(23) (italics added), and as an accomplice who did not personally use a dangerous or deadly weapon.
Something more than Cortez's bare guilty plea to the prior charged offense was required, and it was the People's burden to produce such additional evidence. For example, at the time the guilty plea in the prior proceeding was taken, appropriate factual admissions could have been solicited by the prosecutor from the defendant and a reporter's record thereof produced in this matter. Whatever *240 the nature of the People's evidence, however, the important point to remember is that it is the People's responsibility to develop and produce it.[6]
We therefore hold there is insufficient evidence that appellant's 1992 conviction for discharging a firearm from a motor vehicle was a prior felony conviction for purposes of the Three Strikes Law. (Cf. People v. Rodriguez, supra, 17 Cal.4th at pp. 261-262, 70 Cal.Rptr.2d 334, 949 P.2d 31; People v. Piper (1986) 42 Cal.3d 471, 475-478, 229 Cal.Rptr. 125, 722 P.2d 899; People v. Williams (1990) 222 Cal. App.3d 911, 914-915, 918, 272 Cal.Rptr. 212; see People v. Equarte, supra, 42 Cal.3d at pp. 456, 459, 465-467, 229 Cal. Rptr. 116, 722 P.2d 890; Pen.Code, § 31.) Accordingly, we will remand the matter to permit a retrial on the prior felony conviction allegation.[7]

2.Cortez's Sentence Did Not Constitute Cruel Or Unusual Punishment.

In light of our decision to remand this matter for a new sentencing hearing, we discuss Cortez's second contention in the event, upon remand, it becomes relevant. He contends his 25 years-to-life sentence constitutes cruel and unusual punishment; we reject the contention. The preconviction probation report reflects that he has seven alias, and two monikers, including "Psycho."[8] The report also reflects the previously mentioned 1985 robbery conviction. In that case, Cortez was sentenced to prison for five years and, in November 1988, he was released on parole.
In December 1988, he was arrested for grand theft of an automobile. In that case, he was convicted of a violation of Vehicle Code section 10851, subdivision (a), and sentenced to prison for three years. In 1990, he violated parole. On October 1, 1990, he was again released on parole. In January 1991, he violated parole again; in July 1991, he was released on parole. Cortez told the probation officer that the parole "violation" was for failing to report regularly to his parole officer and for testing positive for narcotics use.
On October 2, 1990, Cortez was arrested for providing false information to a peace officer. On October 3, 1990, he was convicted in that case and placed on two years' probation. In February 1992, he was arrested for assault with a firearm. In that matter, case No. BA053217, as we *241 have already noted, he was convicted in April 1992 of a violation of Penal Code section 12034, subdivision (c), and sentenced to prison for eight years. In March 1996, he was released on parole and deported. He told the probation officer that he was under the influence of a drug when he was arrested for the offense in case No. BA053217.
The report reflects that Cortez was involved in gang activity with the 38th Street gang. On October 21, 1996, a parole violation report was submitted to the Board of Prison Terms "regarding the following violations: possession of a firearm by a felon, not reporting for supervision, and associating with (38th St.) gang members." He was on parole when the present offense was committed.
The report reflects, "[t]he defendant has a history of violent conduct. A review of the circumstances leading up to his arrest in the instant [matter] is further proof that he is a danger and threat to the welfare of the community. The defendant illegally re-entered the United States after being deported to Mexico and he apparently did not waste much time resuming association with gang members and engaging in criminal conduct."
The report continues, "[c]riminality is a lifestyle that [Cortez] has apparently adopted and he has demonstrated on numerous previous occasions that he has no intention to function as a responsible member of the community. A state prison commitment for the maximum amount of time allowed by law is warranted if the defendant is convicted of the present charge. Two of the three prior felony convictions pertain to his use of a firearm and the main concern at the present time should be the protection of the community. Incarceration at the state prison level will at the minimum provide some sanctions and external control for the defendant."
The report listed as aggravating factors that the planning, sophistication, or professionalism with which the crime was carried out, or other facts, indicated premeditation; Cortez's prior convictions as an adult or adjudications of commission of crimes as a juvenile were numerous or of increasing seriousness; he was on probation or parole when he committed the crime; and his prior performance on probation or parole was unsatisfactory. The report listed no mitigating factors, and recommended imprisonment for the "high base" term.
At sentencing, Cortez moved that the court, pursuant to Penal Code section 1385, strike one or both prior felony convictions. He urged, inter alia, "I don't think there is any dispute there was any type of threat to anybody of any kind in relation to my client's conduct in this case. While the court gives my client 25 to life, I don't believe an appellate court in this state could find, it would be cruel and unusual. I think the sentence is excessive in light of the court's options. The court does have options here. 25 to life for this case is not right. It is the wrong thing to do." (Italics added.)
The court, which read the probation report,[9] discussed Cortez's criminal history in the context of his motion. The court concluded that striking a prior felony conviction would be an abuse of its discretion, and denied the motion. Cortez was then sentenced to prison for the present offense for 25 years to life pursuant to the Three Strikes Law. The record does not reflect that Cortez expressly objected that his sentence constituted cruel or unusual punishment under the federal or state Constitution.
Based on the above, we conclude that the sentence did not constitute cruel or unusual punishment. (People v. Askey (1996) 49 Cal.App.4th 381, 387-388, 56 Cal. Rptr.2d 782; People v. Cooper (1996) 43 Cal.App.4th 815, 820-828, 51 Cal.Rptr.2d *242 106; People v. Kinsey (1995) 40 Cal. App.4th 1621, 1630-1631, 47 Cal.Rptr.2d 769; People v. Ingram (1995) 40 Cal. App.4th 1397, 1412-1417, 48 Cal.Rptr.2d 256; People v. Cartwright (1995) 39 Cal. App.4th 1123, 1134-1137, 46 Cal.Rptr.2d 351; People v. Loustaunau (1986) 181 Cal. App.3d 163, 177, 226 Cal.Rptr. 216.)[10]

DISPOSITION
The judgment is affirmed, except that the true finding as to the allegation that Cortez suffered a 1992 conviction for discharging a firearm from a motor vehicle pursuant to the Three Strikes Law is reversed, his sentence is vacated, and the matter is remanded for a new trial as to that allegation, a new sentencing hearing, and for further appropriate proceedings not inconsistent with this opinion.
KLEIN, P.J., and KITCHING, J., concur.
NOTES
[1] In proof of the 1992 conviction, at Cortez's bifurcated court trial on the allegations, the People proffered People's exhibit No. 1, which was a Penal Code section 969b "prison packet" containing certified documents, including an abstract of judgment dated May 11, 1992. That abstract reflects that, in 1992, Cortez committed the crime of shooting from a motor vehicle in violation of Penal Code section 12034, subdivision (c). The abstract also reflects that on April 7, 1992, in case No. BA053217, he pled guilty to that crime. People's exhibit No. 1 was admitted in evidence without objection. Cortez's motion for judgment of acquittal was denied; he presented no defense evidence.
[2] In 1992, Penal Code section 12034, subdivision (c), stated, in relevant part, that "[a]ny person who willfully and maliciously discharges a firearm from a motor vehicle at another person other than an occupant of a motor vehicle is guilty of a felony. ..."
[3] In a previous unpublished decision in this case, we relied on Guerrero. We granted a rehearing to permit the parties to address the issue of whether, apart from its merits, Cortez's sufficiency challenge was precluded. After further consideration, we see no basis for precluding Cortez from raising the sufficiency issue and, as discussed infra, we no longer rely on Guerrero. Hereafter, unless otherwise indicated, a reference to Guerrero is a reference to People v. Guerrero, supra, 19 Cal. App.4th 401, 23 Cal.Rptr.2d 803, as opposed to People v. Guerrero, supra, 44 Cal.3d 343, 243 Cal.Rptr. 688, 748 P.2d 1150.
[4] The prior conviction in Guerrero was based on a plea of guilty to a violation of a federal bank robbery statute. The statute, 18 U.S.C. § 2113, subdivision (a), by its terms, proscribed, in two paragraphs, alternative kinds of criminal conduct, respectively, distinguishing the paragraphs by the disjunctive "or." The language of one kind of criminal conduct in the federal statute, which language related to forcible taking of property from a bank, was effectively the same language as that defining the serious felony of "bank robbery" for purposes of Penal Code section 1192.7, subdivision (c)(19), and would have qualified the prior conviction for use as a prior serious felony conviction. The other criminal conduct alternatively condemned by the statute related to entry into a bank with a criminal purpose (People v. Guerrero, supra, 19 Cal. App.4th at pp. 402-404, 23 Cal.Rptr.2d 803), and would not have permitted the prior conviction to qualify.
[5] Rodriguez referred to the former Penal Code section 245, subdivision (a), as Penal Code section 245, subdivision (a)(1).
[6] We acknowledge that a trial court is under no duty to obtain a factual basis for a nonnegotiated guilty plea (People v. Hoffard (1995) 10 Cal.4th 1170, 1180-1184, 43 Cal.Rptr.2d 827, 899 P.2d 896) and, even when an inquiry as to a factual basis is required as to negotiated pleas, the extent of the inquiry is left to the discretion of the court. (People v. Wilkerson (1992) 6 Cal.App.4th 1571, 1576, 8 Cal. Rptr.2d 392.) However, whether or not a guilty plea is negotiated, nothing in Hoffard or Wilkerson may be read to deny the People the opportunity to insist upon an on-the-record recitation of a factual basis (either from the defendant or pursuant to a stipulation) sufficient to permit later proof of how and in just what manner, the defendant committed the predicate offense, since, as in this case, that fact can have collateral sentencing consequences in future proceedings.
[7] There is no double jeopardy bar to a retrial on a prior conviction allegation in a noncapital sentencing proceeding. (Monge v. California (1998) 524 U.S. 721, 724-734, 118 S.Ct. 2246, 2248-2253, 141 L.Ed.2d 615, 621-628; People v. Monge (1997) 16 Cal.4th 826, 829, 831-845, 66 Cal.Rptr.2d 853, 941 P.2d 1121; People v. Houck (1998) 66 Cal.App.4th 350, 358, 77 Cal.Rptr.2d 837.) Moreover, since appellant's original sentence was the maximum possible sentence, the trial court, following remand, could not impose a sentence greater than the original sentence. Therefore, no issue will arise that imposition of a greater sentence implicates federal due process or state double jeopardy considerations. (See People v. Craig (1998) 66 Cal.App.4th 1444, 1449-1452, 78 Cal.Rptr.2d 659; People v. Mustafaa (1994) 22 Cal.App.4th 1305, 1311-1312, 28 Cal.Rptr.2d 172.)
[8] The report reflects three birth dates for appellant: April 13, 1964, January 13, 1965, and April 3, 1965. The report also reflects appellant was arrested in 1982 as a juvenile for felonious assault. The report reflects no further disposition, but does reflect that, according to other probation records, appellant stated he was placed in camp.
[9] The court stated that it reviewed "all of the files and documents connected with this case pursuant to" appellant's Penal Code section 1385 motion.
[10] Because we have addressed the merits of Cortez's contention that his sentence constituted cruel and unusual punishment, there is no need to decide whether the record reflects that he waived the issue by failing below to object to his sentence on that ground. (See People v. Benson (1990) 52 Cal.3d 754, 786, fn. 7, 276 Cal.Rptr. 827, 802 P.2d 330; People v. DeJesus (1995) 38 Cal.App.4th 1, 27, 44 Cal.Rptr.2d 796.)