Filed 12/30/15  P. v. Thibodeaux CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JACK THIBODEAUX,<br><br>    Defendant and Appellant. | B262075<br><br>(Los Angeles County<br>Super. Ct. No. VA132689) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Lori Ann Fournier, Judge.  Affirmed.

Janet Uson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Mary Sanchez, Deputy Attorney General, and Chung L. Mar, Deputy Attorney General, for Plaintiff and Respondent.

\*      \*      \*

Defendant Jack Thibodeaux (defendant) filed an application to have his felony conviction for receiving stolen property, motor vehicle (Pen. Code, § 496d, subd. (a))[1] redesignated as a misdemeanor under Proposition 47 (§ 1170.18, subd. (a)). The trial court denied the application, and defendant appeals. We conclude there was no error, and affirm.

## FACTS AND PROCEDURAL BACKGROUND

On November 1, 2013, defendant was in possession of a 2000 Kawasaki motorcycle belonging to someone else. When questioned by law enforcement, he admitted that it "may be stolen." The People charged him with a single count of felony receiving stolen property, motor vehicle (§ 496d, subd. (a).) On July 15, 2014, defendant entered a plea of no contest to that count. That same day, the trial court sentenced defendant to a 16-month prison sentence; that sentence was to run consecutively to a 32-month sentence imposed in a separate case for possessing methamphetamine with intent to sell (Health & Saf. Code, § 11378).

On December 5, 2014, defendant applied to the trial court to have his felony receiving stolen property, motor vehicle conviction redesignated as a misdemeanor pursuant to Proposition 47. The trial court denied the petition on the ground that the "amount of the loss" was $10,000.

Defendant timely appeals.

## DISCUSSION

Proposition 47, the Safe Neighborhoods and Schools Act, reduced several felony offenses to misdemeanors—namely, those set forth in Health and Safety Code sections 11350, 11357 or 11377 and Penal Code sections 459.5, 473, 476a, 490.2, 496, and 666. (§ 1170.18, subd. (a).) As pertinent here, Proposition 47 also authorizes persons who have been convicted of those offenses and who are "currently serving a sentence for [such] a conviction" to "petition for a recall of [that] sentence" and for resentencing under the new misdemeanor provisions. (*Ibid.*) Proposition 47 amended section 496—

---

[1] Unless otherwise indicated, all further statutory references are to the Penal Code.

2

the statute governing receipt of stolen property generally—to make that crime a misdemeanor "if the value of the property does not exceed" $950 unless certain exceptions not pertinent here apply. (§ 496, subd. (a).)

Defendant argues that the trial court erred in denying his application to redesignate his felony receipt of stolen property, motor vehicles conviction as a misdemeanor because (1) the court relied on evidence outside the "record of conviction" in determining that the motorcycle was valued at $10,000, and (2) the People did not otherwise prove that the motorcycle's value exceeded $950. The People argue that Proposition 47 by its plain terms does not apply to defendant's felony conviction for violating section 496d because it only amended section 496; defendant responds that the two offenses are functionally indistinguishable and that treating them differently violates equal protection. After briefing in this case was completed, *People v. Peacock* (Nov. 3, 2015; E063095) 242 Cal.App.4th 708 (*Peacock*) held that section 496d falls outside of Proposition 47 and rejected an equal protection challenge to this conclusion.

However, in this case, we need not reach the questions of whether the trial court went outside the "record of conviction" or whether to follow *Peacock*, *supra*, 242 Cal.App.4th 708. That is because, contrary to what defendant posits, *he* bears the "initial burden" of establishing his eligibility for relief under Proposition 47 because he never "'prov[ed] [that] the value of the property"—in this case, the motorcycle—"did not exceed $950.'" (*People v. Sherow* (2015) 239 Cal.App.4th 875, 879 (*Sherow*).) In asserting that this burden rests with the People, defendant cites *People v. Cortez* (1999) 73 Cal.App.4th 276, 283-284 (*Cortez*). But *Cortez* deals with the People's burden to show a sentencing enhancement. When it comes to who bears the initial burden of proving eligibility for relief under Proposition 47, the courts are unanimous that that burden rests with the applicant. (*Sherow*, at p. 878; *People v. Page* (2015) 241 Cal.App.4th 714, 719, fn. 2; *People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 449-450; *People v. Cuen* (2015) 241 Cal.App.4th 1227, 1231.) What is more, this assignment of proof is consistent with the Evidence Code. (Evid.

Code, § 500 ["a party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief . . . that he is asserting"].)

Thus, even if we assume that Proposition 47 applies to section 496d convictions and that the trial court erred in looking beyond the "record of conviction" to value the motorcycle at $10,000, defendant is still not eligible for relief under Proposition 47 because the record is devoid of any evidence regarding the value of the motorcycle. Defendant has accordingly not carried his burden of showing that the motorcycle's value was less than $950, and his application was properly denied.

## DISPOSITION

The judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
HOFFSTADT


We concur:

_____, Acting P.J.
ASHMANN-GERST


_____, J.
CHAVEZ

4