Filed 11/19/20  P. v. Valentine CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>EDWIN LYNN VALENTINE,<br><br>Defendant and Appellant. | B298709<br><br>(Los Angeles County<br>Super. Ct. No. BA415000) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mike Camacho, Judge.  Affirmed.

Eric R. Larson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, David E. Madeo and Noah P. Hill, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Edwin Lynn Valentine appeals from a judgment entered following our remand for resentencing. In Valentine's prior appeal, we affirmed his two-count conspiracy conviction but remanded for the trial court to reconsider whether his 1986 assault conviction qualified as a strike in light of *People v. Gallardo* (2017) 4 Cal.5th 120 (*Gallardo*). On remand, the trial court reviewed the underlying plea proceedings from the 1986 conviction, as well as the preliminary hearing transcript, and determined that the prior conviction was a strike. As a result, the trial court maintained the Three Strikes Sentence previously imposed.

Valentine now appeals from that judgment, contending that the trial court erred in relying on the preliminary hearing transcript, and the evidence was insufficient to support the trial court's conclusion that the 1986 conviction was a strike. We disagree. As we discuss, Valentine unambiguously pled guilty in 1986 to assault with a deadly weapon. Thus, even if the trial court erred in considering the preliminary hearing transcript—an issue we do not reach—its conclusion that the 1986 assault conviction was a strike was supported by substantial evidence. We therefore affirm the judgment.

## FACTS AND PROCEDURAL BACKGROUND

Because this appeal involves only the question of whether a prior conviction qualifies as a strike, we do not summarize the trial evidence, which is described in our prior opinions. (*People v. Vantuinen et al.* (Nov. 30, 2018, B261581) [nonpub. opn.]

(*Vantuinen II*); *People v. Vantuinen et al.* (May 11, 2017, B261581) [nonpub. opn.] (*Vantuinen I*).)[1]

### 1. *Conviction and Sentence*

In October 2014, a jury found Valentine guilty of one count of conspiracy to commit residential burglary (count 1; Pen. Code, §§ 182, 459),[2] and one count of conspiracy to receive stolen property (count 2; §§ 182, 496.) The conspiracy charges arose from Valentine's involvement in a burglary ring targeting residential homes whose occupants had placed "vacation holds" on their Los Angeles Times delivery service. (*Vantuinen II*, *supra*, B261581.)

In June 2015, the trial court found Valentine had suffered two prior strike convictions, namely a 1982 robbery conviction and a 1986 aggravated assault conviction in violation of section 245, subdivision (a)(1). The trial court therefore sentenced Valentine to two terms of 25 years to life in prison under the Three Strikes law for each count, but stayed sentence on count one pursuant to section 654.[3]

---

[1] On January 6, 2020, this court granted Valentine's motion to take judicial notice of the record on appeal, this court's docket, and this court's prior opinions.

[2] All further undesignated statutory references are to the Penal Code.

[3] The trial court also struck six prison priors pursuant to section 1385, finding the indeterminate term imposed was sufficient punishment for the crimes committed.

## 2. *Prior appeals*

On May 11, 2017, in an unpublished opinion, we affirmed Valentine's judgment of conviction but reversed his Three Strikes sentence, concluding the prosecution failed to establish that Valentine's 1986 assault conviction was necessarily for assault with a deadly weapon (which qualifies as a strike) as opposed to assault by force likely to cause great bodily injury (which does not).[4] (*Vantuinen I, supra*, B261581.)  In so concluding, we explained that the trial court engaged in impermissible fact-finding by relying on police reports and the preliminary hearing testimony from the 1986 conviction to conclude there was "'ample evidence'" supporting an assault with a deadly weapon. (*Ibid*.)  We therefore remanded the matter to the trial court for retrial, pointing out that Valentine, absent waiver, was entitled to a jury trial on the issue.  (*Ibid*.)

The People petitioned for review.  The California Supreme Court granted the People's petition, but deferred briefing pending resolution of *Gallardo, supra*, 4 Cal.5th 120.  (*Vantuinen II, supra*, B261581.)  After *Gallardo* was decided, the Supreme Court transferred the matter back to us with directions to vacate our prior opinion and reconsider the cause in light of *Gallardo*. (*Vantuinen II, supra*, B261581.)

On November 30, 2018, we vacated *Vantuinen I* and filed a second opinion in which we concluded that "*Gallardo* confirms that our original analysis was correct in all respects but one, i.e. the proper 'next steps' to be taken when a matter is remanded to correct the error present[ed] here."  (*Vantuinen II*, *supra*,

---

[4]  Valentine did not dispute that his prior 1982 robbery conviction constituted a strike.  (*Vantuinen I, supra*, B261581.)

4

B261581.)  Consistent with *Gallardo*, we determined the matter should be remanded to allow the trial court (as opposed to a jury) to determine the nature of the offense, but noted that the court's inquiry should be limited to "the record of the prior plea proceeding" and what Valentine "necessarily admitted in entering his 1986 plea."  (*Vantuinen II*, *supra*, B261581.)

### 3. *Hearing on remand*

On remand, the trial court reviewed the plea colloquy from Valentine's 1986 assault conviction, observing that, unlike the defendant in *Gallardo*, Valentine had specifically agreed to allow the court that took his plea to consider the preliminary hearing transcript to determine if there was a factual basis for the plea. The court then reviewed the preliminary hearing transcript, and found that it established Valentine "used a bottle to toss at the victims, missing the victim [*sic*] and striking the windshield and shattering it.  So the assault was with a deadly weapon."  The trial court further noted that during Valentine's prior plea hearing, he pled guilty to the charges in the conjunctive, admitting both theories of liability under section 245, subdivision (a)(1)—that is, assault with a deadly weapon *and* assault by force likely to cause great bodily injury.  Accordingly, the trial court again found that the 1986 assault conviction was a strike, and thus it reimposed the original Three Strikes sentence.

## DISCUSSION

Valentine contends the trial court engaged in impermissible judicial factfinding, in violation of his Sixth Amendment rights and California law, by considering the preliminary hearing testimony in determining the nature of his prior conviction, and the evidence was otherwise insufficient to prove the 1986 conviction was for assault with a deadly weapon.

5

Therefore, Valentine urges, the true finding on the prior conviction must be reversed and the matter remanded. We conclude the evidence was sufficient.

1. *Applicable legal principles*

To qualify as a strike, a prior conviction must be either a violent felony listed in section 667.5, subdivision (c), or a serious felony listed in section 1192.7, subdivision (c). (§§ 667, subd. (d) & 1170.12, subd. (b).) The People are required to prove all elements of a sentence enhancement beyond a reasonable doubt. (*People v. Miles* (2008) 43 Cal.4th 1074, 1082; *People v. Hudson* (2018) 28 Cal.App.5th 196, 203.)

" 'On review, we examine the record in the light most favorable to the judgment to ascertain whether it is supported by substantial evidence. In other words, we determine whether a rational trier of fact could have found that the prosecution sustained its burden of proving the elements of the sentence enhancement beyond a reasonable doubt.' [Citation.]" (*People v. Hudson,* at p. 203, quoting *People v. Delgado* (2008) 43 Cal.4th 1059, 1067; *People v. Miles*, at p. 1083.) If the prior offense is one that could be committed in multiple ways and the record of conviction does not disclose how the offense was committed, we "presume the conviction was for the least serious form of the offense." (*People v. Miles*, at p. 1083; *People v. Delgado*, at p. 1066; *People v. Cortez* (1999) 73 Cal.App.4th 276, 280.)

In 1986, when Valentine pled guilty in the previous case, section 245, former subdivision (a)(1), provided that aggravated assault could be committed in two different ways—either by means likely to produce great bodily injury, or by use of a deadly weapon other than a firearm. (*People v. Delgado*, *supra*, 43 Cal.4th at p. 1063; *People v. Hudson*, *supra*, 28 Cal.App.5th at

6

p. 203.)  Only the latter form of the offense is a serious felony for purposes of the Three Strikes law.  (*Gallardo*, *supra*, 4 Cal.5th at p. 23; *Hudson*, at p. 203.)[5]

Previously, California trial courts were allowed to determine whether a prior conviction qualified as a "strike" by looking to the entire record of conviction, including the preliminary hearing transcript.  (*Gallardo*, *supra*, 4 Cal.5th at p. 125–126, 129–130; see *People v. McGee* (2006) 38 Cal.4th 682; *People v. Saez* (2015) 237 Cal.App.4th 1177, 1199 (*Saez*).)  However, based on a line of United States Supreme Court precedents beginning with *Apprendi v. New Jersey* (2000) 530 U.S. 466 and ending with *Descamps v. United States* (2013) 570 U.S. 254 and *Mathis v. United States* (2016) 579 U.S. __ [136 S.Ct 2243], our Supreme Court held in *Gallardo* that this procedure was no longer permissible.

In *Gallardo*, as here, the prior conviction at issue was a violation of section 245, former subdivision (a)(1).  To determine whether the offense was for assault with a deadly weapon or assault with force likely to produce great bodily injury, the *Gallardo* trial court relied on the victim's testimony at the preliminary hearing that the defendant had used a knife.  (*Gallardo*, *supra*, 4 Cal.5th at pp. 125–126.)  After considering the federal authorities mentioned *ante*, *Gallardo* held that this was improper.  It explained:  "[A] court considering whether to impose an increased sentence based on a prior qualifying conviction may not determine the 'nature or basis' of the prior

---

[5]    Section 245, subdivision (a), was amended in 2011 to separate the two forms of the offense into different subdivisions of section 245.  (*Gallardo*, *supra*, 4 Cal.5th at p. 125, fn. 1.)

7

conviction based on its independent conclusions about what facts or conduct 'realistically' supported the conviction. [Citation.] That inquiry invades the jury's province by permitting the court to make disputed findings about 'what a trial showed, or a plea proceeding revealed, about the defendant's underlying conduct.' [Citation.] The court's role is, rather, limited to identifying those facts that were established by virtue of the conviction itself—that is, facts the jury was necessarily required to find to render a guilty verdict, or that the defendant admitted as the factual basis for a guilty plea." (*Id*. at p. 136.)

Accordingly, *Gallardo* concluded the trial court had "engaged in a form of factfinding that strayed beyond the bounds of the Sixth Amendment. Defendant had entered a plea of guilty to assault under a statute that, at the time, could be violated by committing assault either with a 'deadly weapon' or 'by any means of force likely to produce great bodily injury.' [Citation.] Defendant did not specify that she used a deadly weapon when entering her guilty plea. The trial court's sole basis for concluding that defendant used a deadly weapon was a transcript from a preliminary hearing at which the victim testified that defendant had used a knife during their altercation. Nothing in the record shows that defendant adopted the preliminary hearing testimony as supplying the factual basis for her guilty plea." (*Gallardo*, *supra*, 4 Cal.5th at p. 136.)

2. *Reliance on the preliminary hearing transcript*

At the 1986 plea proceeding, the prosecutor asked Valentine, "The court must find that there is a factual basis for your plea. [¶] Is it agreeable with you that the judge may read the preliminary hearing transcript and the probation reports to

8

determine if there is a factual basis for your plea?"  Valentine responded affirmatively, and defense counsel joined.

On remand, the trial court recognized its task was to resolve the question of whether the prior constituted a strike "strictly on the record of the plea," and acknowledged it could not "become a factfinder."  However, it then pointed to *Gallardo*'s observation that "[n]othing in the record [in that case] show[ed] that defendant adopted the preliminary hearing testimony as supplying the factual basis for her guilty plea."  (*Gallardo*, *supra*, 4 Cal.5th at p. 136.)  In the instant case, in contrast, Valentine and his counsel agreed that the court could read the preliminary hearing transcript and the probation reports to determine if there was a factual basis for the plea.  Therefore, the trial court reasoned, "the bottom line is . . . that it is incorporated in the plea itself that the preliminary hearing provides the factual basis for the plea, which is what the *Gallardo* case was lacking."  The court then concluded the witnesses' testimony at the preliminary hearing showed Valentine committed assault with a deadly weapon.

The People argue that the trial court was correct.  They assert: "Where, as in the instant case, a defendant adopts the preliminary hearing transcript as establishing the factual basis of his or her plea during the plea hearing, a subsequent court evaluating whether that conviction qualifies as a serious or violent felony under the Three Strikes law may examine the preliminary hearing transcript to determine the nature or basis of the prior conviction."  In support, the People point to *Gallardo*'s observation that Gallardo had not adopted the preliminary hearing testimony as supplying the factual basis for her plea.  From this, the People reason that the converse must be

true: where a defendant *does* adopt the preliminary hearing transcript as the factual basis for his or her plea, the court may consider undisputed evidence contained therein without violating the Sixth Amendment.

Valentine, on the other hand, contends that the trial court's reliance on the preliminary hearing transcript violated his Sixth Amendment rights. He contends that *Gallardo* did not hold a court may rely on a preliminary hearing transcript under these circumstances. He did not, in the 1986 proceeding, agree or admit that the preliminary hearing transcript established he committed an assault with a deadly weapon, nor did he admit that every piece of evidence adduced at the preliminary hearing was true. Further, he asserts, even if reliance on the preliminary hearing transcript was proper, the evidence presented at his preliminary hearing was "at times ambiguous and conflicting" and was insufficient to establish beyond a reasonable doubt that he pled to assault with a deadly weapon.

*Gallardo*'s reference to the fact that the defendant there had not adopted the preliminary hearing testimony as supplying the factual basis for her plea may implicitly suggest that, had she done so, the result would have been different. But *Gallardo* did not expressly hold that a court may evaluate the evidence in a preliminary hearing transcript under such circumstances, nor did it explain what portion or portions of the transcript could be considered, or what type of stipulation would be sufficient to allow such reliance. The People cite no published, post-*Gallardo* California case so holding.[6]

---

[6] The People cite *Saez, supra,* 237 Cal.App.4th 1177, a pre-*Gallardo* case, for the proposition that a trial court may consider materials that the defendant has stipulated provide the factual

However, we need not reach the issue of whether, and under what circumstances, a court may rely on a preliminary hearing transcript where a defendant has stipulated that it may be considered as the factual basis for his or her plea. As we explain *post*, the transcript of the 1986 plea proceeding, by itself, conclusively demonstrates that Valentine pled to assault with a deadly weapon. Thus, even assuming arguendo that the trial court erred by relying upon the preliminary hearing transcript, any error was harmless beyond a reasonable doubt. (*Chapman v.*

---

basis for a plea. But this is not what *Saez* held. *Saez* considered whether a trial court correctly found a defendant's prior Wisconsin conviction qualified as a strike under California law. To prove the Wisconsin prior was a strike, the People offered a copy of the Wisconsin complaint, which contained an "affidavit of probable cause" that included an officer's sworn statements regarding the prior crime. (*Saez*, at pp. 1193, 1196.) Saez had stipulated " 'to the facts in the criminal complaint for basis of the plea.' " (*Id.* at pp. 1192, 1198.) On appeal, Saez argued that the trial court's reliance on the officer's statements was error under California law, i.e., *People v. McGee*, *supra,* 38 Cal.4th 682, and also violated his Sixth Amendment rights. (*Saez*, at p. 1191.) *Saez* rejected the first contention, but agreed with the second. Under *McGee,* the trial court could properly consider the affidavit, which was part of the record of conviction. (*Saez,* at pp. 1195–1198.) But, under *Descamps,* the court's reliance on the affidavit violated the Sixth Amendment. (*Saez*, at p. 1198.) Saez's "stipulation to the complaint as the factual basis of his plea" did not "constitute a waiver of Sixth Amendment rights or an admission as to those additional facts." (*Id.* at p. 1206.) It "was not tantamount to a finding that the facts in the affidavit of probable cause were true beyond a reasonable doubt or to an admission that those facts were true." (*Id.* at p. 1207, fn. 21.) Thus, *Saez* does not assist the People's argument.

*California* (1967) 386 U.S. 18, 24; see *People v. French* (2008) 43 Cal.4th 36, 52–53 [applying *Chapman* standard to Sixth Amendment violation]; *People v. Selivanov* (2016) 5 Cal.App.5th 726, 763 [*Apprendi* error is subject to *Chapman* harmless error analysis].)

　　3. *The transcript of the plea proceeding provides sufficient evidence that Valentine's 1986 conviction was a strike*

　　At the start of the 1986 plea proceeding, the prosecutor informed Valentine: "You are charged in information number A537338, in two counts. [¶] Each count charges a violation of Penal Code section 245(a)(1), a felony, assault with a deadly weapon and by means of force likely to produce great bodily injury." The prosecutor advised Valentine of, and obtained his waivers of, his rights to a jury or court trial, to confrontation, and against self-incrimination. The following colloquy then transpired:

　　"[Prosecutor]: In count 1, to the allegation that on or about May 29, 1986, in the county of Los Angeles, you violated Penal Code section 245(a)(1), a felony, assault with a deadly weapon or by means of force likely to produce great bodily injury *and that you willfully and unlawfully committed an assault upon Darrell Russell with a deadly weapon, to wit, beer bottle*, and by means of force likely to produce great bodily injury, how do you plead?

　　"[Valentine]: Guilty.

　　"[Prosecutor]: To count II, that on or about May 29, 1986, in the county of Los Angeles, you violated Penal Code section 245(a)(1), a felony, *in that you did willfully and unlawfully commit an assault upon Arch Hobgood with a deadly weapon, to wit, a beer bottle*, and by means of force likely to produce great bodily injury, how do you plead?

12

"[Valentine]:  Guilty."  (Italics added.)

Valentine urges that the record of the prior plea proceeding failed to establish he pled guilty to assault with a deadly weapon. We disagree.

As noted, the trial court on remand concluded that Valentine had pled guilty to *both* types of conduct prohibited by section 245, former subdivision (a)(1), and expressly admitted assaulting one of the victims with a deadly weapon, i.e., a beer bottle.  This was correct.  Valentine expressly pled guilty to assault with a deadly weapon.  And, he specifically admitted the assaults were "with a deadly weapon, to wit, a beer bottle."  His plea and admissions thus conclusively established that his convictions were for assault with a deadly weapon, a strike.  (See *Gallardo, supra,* 4 Cal.5th at p. 136 [trial court may rely upon facts that "defendant admitted as the actual basis for a guilty plea"]; *In re Scott* (2020) 49 Cal.App.5th 1003, 1021 ["[T]he *Gallardo* court stated repeatedly that—even after *Descamps* and *Mathis*—sentencing courts may rely on undisputed facts admitted by the defendant"], review granted on a different point, Aug. 12, 2020, S262716; *People v. Feyrer* (2010) 48 Cal.4th 426, 442–443, fn. 8 ["the prosecutor, by obtaining defendant's plea of no contest to the offense of assault by means of force likely to produce great bodily injury, *and* his admission of the allegation of inflicting great bodily injury, ensured that defendant's current conviction would thus qualify" as a strike in a future case].)

Unlike in *Gallardo,* where the defendant did "not specify that she used a deadly weapon when entering her guilty plea," (*Gallardo*, *supra*, 4 Cal.5th at p. 136), the converse is true here: Valentine expressly admitted his use of a deadly weapon.  And, his admission was not a gratuitous comment unrelated to an

13

element of the offense; use of a deadly weapon was an element of the crime. (See *In re Scott*, *supra*, 49 Cal.App.5th at p. 1021 [conc. opn. of Dato, J.] [whether a court may rely on a defendant's gratuitous comments in a plea colloquy to establish facts beyond the necessary elements of the crime presents a difficult question].)

That Valentine *also* pled guilty to assault by means of force likely to produce great bodily injury does not cast doubt on the validity of his plea to assault with a deadly weapon; as a matter of law, the two offenses are not mutually exclusive. In sum, the trial court properly considered Valentine's 1986 plea and admissions, which were by themselves sufficient to prove the nature of the prior offense. No violation of the Sixth Amendment or California law is apparent.

Valentine argues that the information charged both forms of the offense. When taking the plea to count 1, the prosecutor at one point used the disjunctive "or" in describing the offenses. The minute order reflecting his plea simply stated he pled to violating "245.A1." The abstract of judgment referred to both prongs of the offense, listing "PC 245(a)(1) ADW GBI." These records, Valentine asserts, do not establish he necessarily pled to assault with a deadly weapon rather than assault by means likely to produce great bodily injury, or that he pled to both offenses.[7] Further, he argues, during the original sentencing hearing the

---

[7] Valentine also points out that on remand, t]he trial court acknowledged there was " 'ambiguity in which theory really satisfies the factual basis of the plea.' " But the court concluded, "I think it can satisfy both . . . as long as it satisfies the strike rule offense I think the strike is valid." We discern no ambiguity in the plea.

court observed that in the 1986 case, the prior robbery was not charged as a serious felony, suggesting the parties understood it did not constitute a strike.  But we are not here concerned with whether the abstract or the minute order, by themselves, were ambiguous or would have been sufficient.  And, under *Gallardo,* the trial court could not draw the inferences Valentine suggests from the record.  Valentine's argument simply ignores the transcript of the plea proceeding, which unequivocally demonstrates he pled guilty to assault with a deadly weapon, in addition to assault by means of force likely to cause great bodily injury.

The authorities Valentine cites do not compel the conclusion he seeks.  *People v. Rodriguez* (1998) 17 Cal.4th 253, held that an abstract of judgment, which showed that the defendant pled guilty to violating section 245, subdivision (a)(1), and contained the notation " 'ASLT GBI/DLY WPN,' " proved only the least adjudicated elements of the offense and was insufficient, by itself, to prove the defendant pled guilty to a serious felony. (*Rodriguez,* at pp. 261–262.)

In *People v. Cortez, supra,* 73 Cal.App.4th 276, a case decided by this division, the defendant pled guilty to discharging a firearm from a motor vehicle.  To prove that offense was a strike, the People had to show the defendant *personally* used a firearm or a weapon.  But they offered only the fact of the plea, which disclosed nothing about how the crime was committed. (*Id.* at pp. 278–280.)  Since the defendant could have been convicted as an accomplice, this was insufficient.  (*Id.* at pp. 280, 282–283.)  "Something more than Cortez's bare guilty plea to the prior charged offense was required, and it was the People's burden to produce such additional evidence.  For example, at the

15

time the guilty plea in the prior proceeding was taken, appropriate factual admissions could have been solicited . . . ." (*Id.* at p. 283.)

In *People v. Banuelos* (2005) 130 Cal.App.4th 601, to prove a violation of section 245, subdivision (a)(1) was a serious felony, the People offered an abstract of judgment showing the defendant pled to " 'ASSAULT GBI W/DEADLY WEAPON.' " (*Banuelos*, at pp. 605–606.) This notation was ambiguous; although it could be read to mean the assault was committed *both* by means of force likely to produce great bodily injury *and* with a deadly weapon, it could also be construed as merely a shorthand descripton of the criminal conduct covered by section 245. (*Banuelos*, at p. 606; see also *People v. Jones* (1999) 75 Cal.App.4th 616, 631–634 [documents indicating only that defendant was convicted of federal bank robbery, where the crime could have been committed in a way that did not qualify as a serious felony, was insufficient].)

These authorities do not assist Valentine. Unlike in *Rodriguez,* the People did not offer the mere fact Valentine was convicted of violating section 245, subdivision (a)(1). Unlike in *Banuelos*, the evidence did not consist only of an ambiguous abstract of judgment. At the plea proceeding, Valentine did not plead simply to a generic violation of section 245, subdivision (a)(1). In short, the "something more" required by *Cortez* was present here: evidence Valentine expressly pled to the assault with a deadly weapon form of the offense, plus an admission that he used a deadly weapon. The evidence was sufficient.

Finally, Valentine points out that we twice previously determined the trial court violated the Sixth Amendment by relying on the preliminary hearing evidence, and "there is no

16

basis to reach a different conclusion now." On this point, we disagree.

In our previous opinions (*Vantuinen I* and *II*), we noted that the prosecutor had disagreed with defense counsel's characterization of Valentine's plea as "ambiguous" as to the nature of the prior conviction, but that he also had argued that the trial court was " 'entitled to look behind . . . the information and the plea to the facts underlying the conviction' " to " 'substantiate this [was] an assault with a deadly weapon.' " (*Vantuinen II*, *supra*, B261581) We then observed that "the trial court conducted the inquiry suggested by the prosecutor," and "relying on the police reports and the preliminary hearing testimony . . . concluded 'there *is ample evidence* supporting assault with a deadly weapon, to wit, beer bottle.' " (*Vantuinen II*, *supra*, B261581, italics added; *Vantuinen I*, *supra*, B261581, italics added.) We formed no conclusions, however, as to what was or was not established by and through the plea colloquy itself. Instead, we merely determined that the trial court's sole reliance on the police reports and preliminary hearing to make evidentiary findings was inconsistent with the Sixth Amendment—as interpreted in *Descamps v. United States*, *supra*, 570 U.S. 254, and subsequently, *Gallardo*.[8] (*Vantuinen II*, *supra*, B261581; *Vantuinen I*, *supra*, B261581.)

During the resentencing proceedings in this case, in contrast, the trial court squarely focused on the plea colloquy.

---

[8] Indeed, as acknowledged by both parties during briefing in the prior appeal, the 1986 plea colloquy was not admitted into evidence during the 2015 sentencing proceedings; thus it was not a part of our record on appeal.

17

Our review of that record confirms that Valentine pled guilty to a strike offense.  Accordingly, we uphold the trial court's decision to maintain the Three Strikes sentence previously imposed upon Valentine.

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

LAVIN, J.

DHANIDINA, J.