[No. B172385. Second Dist., Div. Six. June 22, 2005.]

THE PEOPLE, Plaintiff and Respondent, v.
ABEL BANUELOS, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION[*]]**

---

[*]Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for partial publication. The portions of this opinion to be deleted from publication are identified as those portions between double brackets, e.g., [[/]].

602

**COUNSEL**

Christopher C. Hawthorne, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Ronald A. Bass and Pamela C. Hamanaka, Assistant Attorneys General, April S. Rylaarsdam and Zee Rodriguez, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**COFFEE, J.**—A jury convicted appellant Abel Banuelos of making a criminal threat under Penal Code section 422[1] and of resisting a peace officer under section 69. The trial court sentenced appellant to state prison after finding during a bifurcated proceeding that he had been convicted of a prior serious felony within the meaning of the "Three Strikes" law (§ 1170.12), which also triggered the five-year enhancement provision of section 667, subdivision (a). Appellant argues that the judgment must be reversed because (1) the evidence was insufficient to prove that he made a criminal threat; (2) the court erroneously declined jury instructions defining lawful arrest; and (3) the record was insufficient to demonstrate that the prior conviction qualified as a serious felony. We agree with the last contention.

---

[1] All statutory references are to the Penal Code.

## FACTS AND PROCEDURAL HISTORY*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISCUSSION

### A., B.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### C. *Proof that Prior Assault was a "Serious Felony"*

Appellant was sentenced to prison for 11 years, consisting of the three-year upper term on the criminal threats count, doubled under the Three Strikes law, plus a five-year enhancement under section 667, subdivision (a). Both the "strike" and the five-year enhancement were based on a 1992 conviction under section 245, subdivision (a)(1), which prohibits the commission of "an assault upon the person of another with a deadly weapon or instrument other than a firearm or by any means of force likely to produce great bodily injury . . . ." Appellant contends the record does not support the trial court's finding that the prior assault qualifies as a serious or violent felony within the meaning of those sentencing provisions. We agree.

 Section 667, subdivision (a) requires a five-year sentence enhancement when a defendant convicted of a "serious felony" offense listed in section 1192.7, subdivision (c) has been previously convicted of a serious felony. Section 1170.12, subdivision (c), the Three Strikes law, provides for a doubled sentence when a defendant convicted of any felony has been previously convicted of a serious felony.[3] Appellant's current conviction for criminal threats under section 422 is a serious felony and he is subject to both the five-year enhancement and a second strike sentence if his 1992 conviction is similarly classified.

 The list of serious felonies under section 1192.7, subdivision (c) includes both specific, enumerated crimes and more generic descriptions of criminal conduct. Before the passage of Proposition 21 in 2000, section 245 was not among the crimes enumerated in section 1192.7, and a conviction under section 245 could qualify as a prior serious felony only if the defendant "personally inflict[ed] great bodily injury on any person other than an

---

*See footnote, *ante*, page 601.

[3] The Three Strikes law also applies when a defendant convicted of a felony has been previously convicted of a violent felony under section 667.5, subdivision (c), but the violent felony provisions are not relevant to appellant's case.

accomplice," "personally use[d] a firearm," or "personally use[d] a dangerous or deadly weapon." (§ 1192.7, subd. (c)(8) & (23); see Stats. 1993, ch. 611, §§ 18, 18.5, pp. 3545–3548); *People v. Rodriguez* (1998) 17 Cal.4th 253, 261 [70 Cal.Rptr.2d 334, 949 P.2d 31].) Because a conviction under section 245, subdivision (a)(1) could result from aiding and abetting another in an assault committed with a deadly weapon, or from personally committing an assault by means which were *likely* to cause great bodily injury, but which did not involve the use of a weapon or actually result in great bodily injury, proof that the defendant suffered a conviction under section 245, subdivision (a)(1) was not itself enough to demonstrate the crime was a serious felony. (*Rodriguez*, at pp. 261–262.)

Proposition 21 added subdivision (c)(31) to section 1192.7's list of serious felonies: "assault with a deadly weapon, firearm, machinegun, assault weapon, or semiautomatic firearm or assault on a peace officer or firefighter, in violation of section 245. . . ." A conviction for assault *with a deadly weapon* under section 245, subdivision (a)(1) now qualifies as a serious felony whether or not the defendant was convicted as a direct perpetrator or as an aider and abettor. (*People v. Luna* (2003) 113 Cal.App.4th 395, 398 [6 Cal.Rptr.3d 539].) But the amendment did not change the status of an assault *by means of force likely to produce great bodily injury*, the other variant of section 245, subdivision (a)(1). Even under the amended law, a conviction of assault by means likely to cause great bodily injury is not a serious felony unless it also involves the use of a deadly weapon or actually results in the personal infliction of great bodily injury. (*People v. Haykel* (2002) 96 Cal.App.4th 146, 148–149 [116 Cal.Rptr.2d 667]; *People v. Winters* (2001) 93 Cal.App.4th 273, 280 [113 Cal.Rptr.2d 158]; *Williams v. Superior Court* (2001) 92 Cal.App.4th 612, 622–624 [111 Cal.Rptr.2d 918].)

During the court trial on the prior conviction allegations against appellant, the prosecution's only evidence regarding the nature of the 1992 assault conviction was a prison packet submitted under section 969b, which contained the abstract of judgment and a fingerprint card referencing the conviction. The abstract reflects a conviction for violating section 245, subdivision (a)(1), describes the crime as "ASSAULT GBI W/DEADLY WEAPON," and indicates that the conviction was the result of a plea rather than a trial. The fingerprint card described the conviction as "CT1 PC245(A)(1) ASSLT GRT BDLY INJ W/DDLY WPN." These documents are completely silent on the question of whether appellant *personally* used a deadly weapon or *personally* inflicted great bodily injury, so the conviction does not qualify as a serious felony under section 1192.7, subdivision (c)(8)

or (c)(23). The prior conviction may be treated as a serious felony only if we can say from the evidence presented that appellant was convicted of assault with a deadly weapon under section 1192.7, subdivision (c)(31), rather than an assault by some other means of force likely to produce great bodily injury.

The abstract of judgment is the only document among the evidence presented that was admissible to prove the nature of the offense itself. (See *People v. Ruiz* (1999) 69 Cal.App.4th 1085, 1090–1091 [82 Cal.Rptr.2d 139]; *People v. Williams* (1996) 50 Cal.App.4th 1405, 1411 [58 Cal.Rptr.2d 517].) Its reference to the crime as "ASSAULT GBI W/DEADLY WEAPON" is ambiguous. Although the notation could be read to mean that the assault was committed both by means of force likely to produce great bodily injury *and* with a deadly weapon, it could also be construed as a shorthand description of the criminal conduct covered by section 245, subdivision (a)(1)—assault by means of force likely to produce great bodily injury *or* with a deadly weapon.

■ A plea of guilty to a criminal statute punishing alternative types of conduct is insufficient to prove that the defendant committed *each* type of conduct. (*People v. Cortez* (1999) 73 Cal.App.4th 276, 283 [86 Cal.Rptr.2d 234].) The abstract's description of the 1992 assault is ambiguous, and may simply be a reference to the statute itself. It is not substantial evidence— evidence that is "reasonable, credible and of solid value"—that a deadly weapon was in fact used during the commission of that offense. (See *People v. Garrett* (2001) 92 Cal.App.4th 1417, 1433 [112 Cal.Rptr.2d 643].) To hold otherwise would improperly shift to the defense the burden of proof on the seriousness of the prior. (See *Cortez*, at pp. 283–284.)

We recognize that a contrary result was reached in *People v. Luna, supra*, 113 Cal.App.4th at pages 398–399, which concluded that a similar reference in the abstract of judgment to "ASSLT GBI W/DL WPN" was sufficient to prove that a prior conviction under section 245, subdivision (a)(1) was an assault with a deadly weapon and was, therefore, a serious felony under section 1192.7, subdivision (c)(31). But we cannot be confident that this abbreviated description of a statute prohibiting two types of criminal conduct was anything more than that particular court clerk's shorthand method of referring to the statute under which appellant was convicted.

In *People v. Rodriguez, supra*, 17 Cal.4th 253, as in this case, the defendant's sentence was enhanced after a court trial determined that a prior assault conviction qualified as a serious felony. The only evidence to support that allegation was an abstract of judgment showing a guilty plea to section 245, subdivision (a)(1) and describing the crime as "ASLT GBI/DLY WPN." (*Rodriguez*, at p. 261.) The court concluded that the abstract simply "reflected

the statutory language" (*ibid.*) and "proved nothing more than the least adjudicated elements of the charged offense." (*Id.* at pp. 261, 262.) At the time, one could violate section 245, subdivision (a)(1) in two ways that would not qualify as serious felonies—either by aiding and abetting an assault without personally using a weapon or personally inflicting great bodily injury *or* by personally committing an assault by means likely to cause great bodily injury but without a deadly weapon. The Supreme Court therefore reversed the finding that the prior assault qualified as a serious felony, citing the rule that " 'when the record does not disclose any of the facts of the offense actually committed, the court will presume that the prior conviction was for the least offense punishable . . . .' " (*Rodriguez*, at p. 262.)

The language in the abstract from appellant's 1992 assault case cannot be meaningfully distinguished from the abstract in *Rodriguez*. Although the enactment of Proposition 21 means that an unambiguous reference to a conviction of assault with a deadly weapon will now suffice to prove a serious felony, regardless of the defendant's personal use of a weapon or personal infliction of great bodily injury, *Rodriguez* is still binding on the question of whether an abstract of judgment is sufficient to prove assault with a deadly weapon as opposed to assault by other means likely to cause great bodily injury.

The People suggest that we can uphold the finding on the prior conviction because (1) the probation report prepared in the current case describes the 1992 assault as an assault with a deadly weapon, and (2) defense counsel stated at sentencing that appellant had used a car during the commission of the earlier assault, and a car qualifies as a deadly weapon. Both the probation report and counsel's statement involve multiple levels of hearsay and are outside the record of conviction in the prior case. (*People v. Reed* (1996) 13 Cal.4th 217, 226 [52 Cal.Rptr.2d 106, 914 P.2d 184].) They would not be admissible during a trial on the truth of the prior conviction allegation. In any case, they were not presented at the trial that was actually held and cannot be considered in evaluating the sufficiency of the evidence that was presented.

The true finding underlying the five-year enhancement and "strike" allegation cannot stand. Neither double jeopardy nor due process bars a retrial on the prior conviction allegation, and on remand, the People may present additional evidence to demonstrate that the 1992 assault was an assault with a deadly weapon or involved other conduct making that crime a serious felony. (See *People v. Barragan* (2004) 32 Cal.4th 236, 259 [9 Cal.Rptr.3d 76, 83 P.3d 480]; *People v. Monge* (1997) 16 Cal.4th 826, 839 [66 Cal.Rptr.2d 853, 941 P.2d 1121].) Such evidence must be limited to that contained in the record of conviction. (*People v. Reed, supra* 13 Cal.4th at p. 226.)

## DISPOSITION

The judgment of conviction is affirmed. The true findings on the prior conviction allegations under sections 667, subdivision (a) and 1170.12 are reversed and the sentence is vacated. The case is remanded for a retrial on the prior conviction allegations if the People so elect, or for a new sentencing hearing if the People do not go forward on those allegations.

Gilbert, P. J., and Perren, J., concurred.

A petition for rehearing was denied July 18, 2005, and the opinion was modified to read as printed above.