Filed 4/29/16  P. v. Anderson CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B264842 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA271932) |
| v. | |
| SAMUEL ANDERSON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  William C. Ryan, Judge.  Affirmed.

California Appellate Project, Jonathan B. Steiner, Executive Director, Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Victoria B. Wilson and Noah P. Hill, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Samuel Anderson is currently serving a 25-years-to-life sentence for aggravated assault. He appeals from an order dismissing his petition for recall of his sentence and requests resentencing pursuant to the Three Strikes Reform Act of 2012, commonly known as Proposition 36. (Pen. Code, § 1170.126.)[1] We affirm the order.

## FACTUAL AND PROCEDURAL SUMMARY

In 2005 a jury convicted Anderson of assault with a deadly weapon under a former version of section 245, subdivision (a)(1).[2] The court thereafter found that Anderson had been convicted of two strikes: voluntary manslaughter in 1977, and attempted robbery in 1979. The court sentenced him under the "Three Strikes" law to 25 years to life. This court affirmed the judgment in 2006. (*People v. Anderson* (April 19, 2006, B183767) [nonpub. opn.] (*Anderson*).)

In February 2015, Anderson wrote to Eekoo Yun, an attorney employed by the Los Angeles County Superior Court. Anderson told Yun that he believed he qualified for resentencing under Proposition 36, and included documents pertaining to his prior convictions. He concluded by stating, "I truly hope that these documents will show that

---

[1] All subsequent statutory references are to the Penal Code unless otherwise indicated.

Proposition 36 added section 1170.126, which provides in part: "Any person serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12 upon conviction, whether by trial or plea, of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7, may file a petition for a recall of sentence, within two years after the effective date of the act that added this section or at a later date upon a showing of good cause, before the trial court that entered the judgment of conviction in his or her case, to request resentencing in accordance with the provisions of subdivision (e) of Section 667, and subdivision (c) of Section 1170.12, as those statutes have been amended by the act that added this section." (§ 1170.126, subd. (b).)

[2] At the time Anderson committed his crime, section 245, subdivision (a)(1) provided: "Any person who commits an assault upon the person of another with a deadly weapon or instrument other than a firearm or by any means of force likely to produce great bodily injury shall be punished."

I am entitled to be re-sentenced with just one strike," and "[h]ope to hear from you soon!" Anderson did not explain why he did not seek relief under Proposition 36 earlier.

The court filed Anderson's letter on February 13, 2015, and deemed it to be a petition for recall of Anderson's sentence pursuant to Proposition 36. On February 27, the court denied the petition because Anderson did not file it within two years from the enactment of Proposition 36 and failed to show good cause for failing to do so, as required. (See § 1170.126, subd. (b).)

Anderson responded to the court's order in a letter dated March 8 and filed on March 16, in which he informed the court that he "had just found out that [he] qualif[ied] for Proposition 36 just a few months ago," and that he "had been under the assumption that [he] did not qualify." He further explained that he sent documents to attorney Yun "3 to 4 weeks ago" and that Yun "should have informed" the court as to why his petition was late. Anderson requested the court reconsider its order denying his petition.

On March 25, the court deemed Anderson's March 8 letter to be a motion for reconsideration, and denied the motion. The court explained that neither the petition nor the motion for reconsideration contained "any adequate explanation or facts as to why the petition was filed late." Therefore, the court concluded, Anderson "has not shown good cause."

Anderson responded in a letter dated April 19 and filed on May 1. He demanded a copy of his petition and other documents for purposes of an appeal and made arguments pertaining to his prior convictions, the alleged ineffectiveness of his former attorneys, and his right to discovery.

On May 12, the court issued a memorandum of decision, noting that Anderson has alleged claims "not cognizable in a petition for recall of sentence" and suggested that arguments regarding his underlying convictions should be made in a petition for writ of habeas corpus. The court again dismissed Anderson's Proposition 36 petition.

Anderson filed a notice of appeal. In the notice, he indicated that he intended his February 2015 letter to Yun to be a request for representation to help him file a petition for recall of his sentence and that Yun should have explained to the court the reasons why

he did not file a petition earlier. These reasons, Anderson explained, are: (1) An attorney with the "Three Strikes Justice Center" told him in a letter dated December 15, 2014, that he did not qualify for resentencing; and (2) He had "just found out" that his prior conviction for assault might not constitute a strike because the jury that found him guilty of assault also found not true an allegation that he personally inflicted great bodily injury upon the victim. Anderson further stated that Yun provided ineffective assistance of counsel.

We appointed counsel to represent Anderson. On September 2, 2015, counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, raising no issues on appeal and requesting that we independently review the record to determine if the lower court committed any error. Anderson subsequently filed a letter brief asserting numerous arguments.

In November 2015, we requested that the parties brief two questions: (1) Did the trial court err in determining that Anderson failed to show good cause for the late filing of the petition for recall of his sentence? (2) Assuming the trial court erred, did Anderson qualify for resentencing? The parties submitted the requested briefs, which we have considered.

For the reasons that follow, we conclude that if Anderson had filed a timely petition for recall of his sentence, he would not have been eligible for resentencing. Therefore, even if the court erred in determining that Anderson failed to show good cause for failing to file a timely petition, the error was harmless. Because we also reject Anderson's other arguments, we affirm the trial court's order.

## DISCUSSION

I. *Any Error In The Superior Court Proceedings Is Harmless Because Anderson Is Not Eligible For Resentencing Under Proposition 36.*

Under Proposition 36, an inmate serving a Three Strikes sentence may be eligible to be resentenced if the basis of his Third Strike sentence is a felony that was neither "violent" nor "serious." (§ 1170.126, subd. (b).) Here, Anderson's current sentence was imposed for his 2005 aggravated assault conviction. The Attorney General does not take

4

the position, nor do we, that the 2005 conviction was for a violent felony within the meaning of sections 667.5, subdivision (c). Rather, the Attorney General contends that the 2005 aggravated assault was a serious felony within section 1192.7, subdivision (c). We agree.

Section 1192.7, subdivision (c), describes a serious felony to include: Any felony in which the defendant personally inflicts great bodily injury on a person other than an accomplice or personally uses a firearm; any felony in which defendant personally uses a dangerous or deadly weapon; and any "assault with a deadly weapon . . . in violation of Section 245." (§ 1192.7, subd. (c)(8), (23) & (31).)

At the time Anderson committed his assault, section 245, subdivision (a)(1) could have been violated by committing an assault in either of two ways: (1) with a deadly weapon or instrument other than a firearm; or (2) with force likely to produce great bodily injury. (Former § 245; Stats. 1999, ch. 129 (S.B. 23, § 1).) As our Supreme Court has explained, a person who violated that version of section 245, subdivision (a)(1), does not necessarily commit a serious felony. (*People v. Delgado* (2008) 43 Cal.4th 1059, 1065 (*Delgado*); see also *People v. Rodriguez* (1998) 17 Cal.4th 253, 261; *People v. Banuelos* (2005) 130 Cal.App.4th 601, 605; *Gill v. Ayers* (9th Cir. 2003) 342 F.3d 911, 914-915.) If the assault was committed "with a deadly weapon" or the defendant personally inflicted great bodily injury, the crime is a serious felony. If, however, the defendant committed the crime "merely by *means likely to produce* [great bodily injury]," the defendant did not commit a serious felony. (*Delgado*, *supra*, 43 Cal.4th at p. 1065.)[3]

In determining whether Anderson's assault was a serious felony, we look to the entire record of the 2005 assault case, including the information, trial transcripts, and

---

[3] The Legislature amended section 245 in 2011 to separate the two prongs into different subdivisions. Section 245, subdivision (a)(1) now provides criminal liability for "[a]ny person who commits an assault upon the person of another with a deadly weapon or instrument other than a firearm." Subdivision (a)(4) of that section criminalizes assaults "upon the person of another by any means of force likely to produce great bodily injury."

5

abstract of judgment.**4**  (See *Delgado*, *supra*, 43 Cal.4th at pp. 1065, 1071, fn. 5; *People v. Reed* (1996) 13 Cal.4th 217, 223.)  The information charged Anderson with "the crime of assault with deadly weapon, by means likely to produce [great bodily injury], in violation of . . . section 245(a)(1)" by "willfully and unlawfully commit[ting] an assault upon [the victim] with a deadly weapon, to wit, knife, and by means of force likely to produce great bodily injury."  (Capitalization omitted.)  Although Anderson was thus charged with aggravated assault in both statutorily serious and non-serious ways, there was no dispute at trial that Anderson used a large, sharp knife to cut his victim's neck and face.  The victim testified that Anderson approached him from behind, pulled his head back to expose his neck, placed a knife with a "big hook blade" against his throat, and cut him.  The two then fought, and Anderson cut the victim's face near his eye with the knife.  No evidence challenged the victim's description of how Anderson used the knife.  Rather, Anderson testified that he acted in self-defense.  He admitted that he used the knife to cut the victim's throat, but explained that he acted to protect himself and merely "went a little too far and cut [the victim] on his neck."

In closing arguments concerning the assault charge, the prosecutor relied solely on the deadly weapon prong of section 245, subdivision (a)(1).  Defense counsel relied solely on the theory of self-defense.  The verdict form does not mention assault by means likely to produce great bodily injury, and refers only to being "guilty of the crime of assault with deadly weapon."  (Capitalization omitted.)  Finally, the abstract of judgment describes the crime as "ASSLT W/DLY WPN," indicating that the conviction was based solely on the deadly weapon prong of the former statute.  (See *Delgado*, *supra*, 43 Cal.4th at pp. 1069-1070 [reference to "Asslt w DWpn" in abstract of judgment was "a clear, presumptively reliable official record of defendant's prior conviction, that the conviction was for the serious felony of assault with a deadly weapon"].)

Based on the record of Anderson's 2005 assault conviction, if Anderson committed an assault at all—i.e., if he did not act in self-defense—he did so with a

---

**4**  We take judicial notice of the record filed in the appeal from Anderson's 2005 conviction for assault.  (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

6

deadly weapon. Because the jury rejected his self-defense theory and found him guilty of "assault with [a] deadly weapon," his crime was a serious felony for purposes of sections 1192.7 and 1170.126, subdivision (b). (Capitalization omitted.) (See *Delgado*, *supra*, 43 Cal.4th at p. 1067, fn. 3 ["all assaults with deadly weapons are serious felonies"].) Therefore, even if Anderson had timely filed a Proposition 36 petition or established good cause for an untimely petition, he was not eligible for relief and the court would have been required to deny the petition. Any error in the proceedings below was therefore harmless.

II.     *Anderson's Arguments Are Without Merit*

In his letter brief to this court, Anderson asserts numerous arguments. First, he contends that his appointed counsel, by filing a *Wende* brief, has denied his right to appeal, undertaken a campaign of harassment against him, and deprived him of the effective assistance of counsel. Although failing to raise "crucial assignments of error" that might result in reversal may constitute ineffective assistance (*In re Smith* (1970) 3 Cal.3d 192, 202), our examination of the record reveals no such failure. Anderson has not been denied his right to appeal and there is no basis in the record for his claim of harassment.

Second, Anderson asserts that Yun, the Superior Court attorney to whom he addressed his February 2015 letter, was ineffective by presenting his petition for recall of sentence in the "wrong" department of the court. Yun's conduct could not have constituted ineffective assistance of counsel because Yun was never Anderson's attorney; he is an employee of the Superior Court. Moreover, there is no requirement that the petition be filed in a particular department within the court. Section 1170.126, subdivision (b) requires that the petition be filed "before the trial court that entered the judgment of conviction." The trial court that entered the judgment in this case is the Los Angeles County Superior Court, not a particular department within that court. (See *People v. Marks* (2015) 243 Cal.App.4th 331, 335.) In any case, Anderson suffered no prejudice by any of Yun's actions because his petition was reviewed by a judge and duly denied.

7

Third, Anderson argues that he made requests to Yun, the trial court, and the California Appellate Project to forward copies of "all of [his] legal documents" to a named attorney (not his counsel of record), which have been "disregarded." Regardless of whether his requests have been fulfilled, it has no bearing on the issues raised or the result in this appeal.

Fourth, Anderson asserts that his petition is not in the clerk's transcript on appeal and that its absence constitutes the withholding of "vital evidence" in violation of *Brady v. Maryland* (1963) 373 U.S. 83. The argument appears to reflect Anderson's misunderstanding of the trial court's references to his petition. The document the court deemed to be the petition for recall of his sentence is Anderson's February 2015 letter to Yun. That document is in the clerk's transcript.

Fifth, Anderson contends that his prior strike convictions should be treated as a single strike because they were based on plea bargains he entered into in reliance on the prosecutor's statement that he would have only one prior conviction. This argument is not cognizable under Proposition 36 and therefore beyond the scope of this appeal.

**DISPOSITION**

The order appealed from is affirmed.

NOT TO BE PUBLISHED.


                                                    ROTHSCHILD, P. J.

We concur:



            JOHNSON, J.



            LUI, J.

8