Filed 7/19/21  P. v. Griffin CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C091264 |
| Plaintiff and Respondent, | (Super. Ct. No. CM040725) |
| v. | |
| JENNIFER LEE GRIFFIN, | |
| Defendant and Appellant. | |

Defendant Jennifer Lee Griffin appeals her felony sentence for unlawfully taking or driving a vehicle.  (Veh. Code, § 10851, subd. (a).)[1]  She contends that the factual basis for her guilty plea does not justify a felony conviction after Proposition 47, which changed certain theft crimes to misdemeanors.  We find her plea still supports a felony sentence and affirm the judgment.

---

[1]      Undesignated statutory references are to the Vehicle Code.

1

BACKGROUND

We take the facts of this case from the probation report, stipulated to by the parties to serve as the factual basis for defendant's plea. In January 2014, police found defendant sitting in the driver seat of a stolen car at a convenience store in Gridley, California. The ignition had a household lock type of key instead of the car's ignition key and the car was stripped of its radio. Police arrested defendant and told her the car was reported stolen, to which she replied, " 'I didn't steal it my friend, [Donald Browning], was the one who had it.' " The officer then located drugs and drug paraphernalia in the car along with male and female clothing.

Defendant later told police her boyfriend, Browning, picked her up in the car in Vallejo the day before her arrest, and they drove to Oroville. While in Oroville, defendant learned her mother died, and Browning agreed to drive her to Eureka to attend the funeral. They drove to Gridley to get gas, where Browning temporarily left defendant with the car. Defendant drove to a convenience store to get food and a drink, where she was then confronted by police. Defendant also told police she did not steal the vehicle, and she did not originally know it was stolen, "but accepts responsibility for her actions because she 'had a gut-feeling that the car was stolen.' She reported, 'I knew he was a car thief.' "

Defendant was charged with felony unlawful driving or taking a vehicle (§ 10851, subd. (a)), felony possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)), misdemeanor possession of drug paraphernalia (Health & Saf. Code, § 11364.1, subd. (a)(1)), and misdemeanor possession of more than 28.5 grams of marijuana (Health & Saf. Code, § 11357, subd. (c)).

On October 15, 2014, defendant pleaded guilty to unlawful driving or taking a vehicle, and the court dismissed the other counts with a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754. On December 17, 2014, the court found a factual basis for

defendant's plea to a felony violation of section 10851, subdivision (a), granted three years of formal probation, and suspended imposition of sentence.

In August 2015, defendant admitted to violating probation, and in January 2016, the probation officer alleged she violated probation again. Defendant failed to appear for this probation violation hearing and was not detained for nearly four years. In December 2019, defendant admitted to the January 2016 probation violation, and the court sentenced defendant to the upper term of three years in county prison on the felony unlawful driving or taking a vehicle conviction.

DISCUSSION

Defendant contends her felony sentence is unauthorized because her guilty plea to "vehicle theft" cannot justify a felony sentence after Proposition 47. We disagree.

*Section 10851 and Proposition 47*

Section 10851, subdivision (a) provides: "Any person who drives or takes a vehicle not his or her own, without the consent of the owner thereof, and with intent either to permanently or temporarily deprive the owner thereof of his or her title to or possession of the vehicle, whether with or without intent to steal the vehicle, . . . is guilty of a public offense . . . ." A violation of section 10851, subdivision (a) can be charged as either a felony or a misdemeanor. (See *People v. Lee* (2017) 16 Cal.App.5th 861, 866.)

On November 5, 2014, Proposition 47 amended or added various provisions to the Penal Code to reclassify certain felony offenses as misdemeanors. Among the new provisions was Penal Code section 490.2, which defines the misdemeanor offense of petty theft as "obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950). . . ." (Pen. Code, § 490.2, subd. (a).)

A violation of section 10851 can—but does not necessarily—constitute a theft offense. (See *People v. Garza* (2005) 35 Cal.4th 866, 871.) It is a theft offense when the defendant unlawfully takes a vehicle with the intent to deprive the owner of possession,

3

whether permanently or temporarily.  (*People v. Page* (2017) 3 Cal.5th 1175, 1183, 1188, fn. 5 (*Page*); *People v. Bullard* (2020) 9 Cal.5th 94, 109-110 (*Bullard*).)  On the other hand, it is a nontheft driving offense when the driving takes place after the theft is complete and  "the evidence shows a 'substantial break' between the taking and the driving" (referred to in *Page* as "posttheft driving").  (*Page*, at pp. 1183, 1188; *People v. Gutierrez* (2018) 20 Cal.App.5th 847, 854.)  A substantial break occurs when the defendant has journeyed with the car beyond the " '*locus* of the theft,' " often evidenced by significant time and distance between the initial theft and when the defendant is apprehended with the car.  (*People v. Strong* (1994) 30 Cal.App.4th 366, 374-375.)

Thus, under Proposition 47, a theft-based violation of section 10851 is a misdemeanor if the value of the stolen vehicle does not exceed $950, and a felony if the value exceeds $950.  (*Page, supra*, 3 Cal.5th at pp. 1183-1184; *Bullard, supra*, 9 Cal.5th at p. 110.)  A driving-based violation of section 10851 remains a potential felony (because it is a wobbler offense) regardless of the value of the driven vehicle.  (*Page*, at p. 1188; *People v. Lee, supra*, 16 Cal.App.5th at p. 866.)

Anyone "who, on November 5, 2014, was serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under" Proposition 47 may petition for resentencing under Penal Code section 1170.18.  (Pen. Code, § 1170.18, subd. (a).)  Whereas, "[d]efendants who had not yet been sentenced as of Proposition 47's effective date are entitled to initial sentencing under Proposition 47's amended penalty provisions, without regard to the resentencing procedures" under Penal Code section 1170.18.  (*People v. Lara* (2019) 6 Cal.5th 1128, 1131.)  "In pre-Proposition 47 cases, where the defendant seeks resentencing or redesignation under Penal Code section 1170.18, the defendant bears the burden of proof to show the relevant facts; in cases arising, tried, or sentenced after Proposition 47 came into effect, the People bear that burden."  (*Bullard, supra*, 9 Cal.5th at p. 110.)

*Standard of Review*

This is a unique case because defendant pleaded guilty before Proposition 47, but was sentenced after Proposition 47. Defendant therefore is not challenging the trial court's finding that there was a sufficient factual basis existing to support a plea. If she were, the trial court would have had "wide discretion in determining whether a sufficient factual basis exists for a guilty plea," and we would reverse only for abuse of discretion. (*People v. Holmes* (2004) 3 Cal.4th 432, 443.) But since defendant was sentenced after Proposition 47, the factual basis supporting her plea did not automatically support a felony finding, and the People had the burden to prove it did.

The trial court's order that is the subject of defendant's appeal is akin to a trial court's determination that a prior conviction qualifies as a serious felony within the meaning of the three strikes law. In this circumstance, a trial court must look to the plea's factual basis because "[a] plea of guilty to a criminal statute punishing alternative types of conduct is insufficient to prove that the defendant committed *each* type of conduct." (*People v. Banuelos* (2005) 130 Cal.App.4th 601, 606.) The People have the burden to establish the defendant's act satisfies each element of the conduct constituting a serious felony. (*People v. Valenzuela* (2010) 191 Cal.App.4th 316, 320.) And appellate courts review a "defendant's challenge to the trial court's serious felony finding in accordance with the usual rules on appeal applicable to claims of insufficient evidence." (*Ibid.*) The relevant facts must be either found by a jury or admitted by the "defendant when entering her guilty plea" in order to "serve as the basis for defendant's increased sentence." (*People v. Gallardo* (2017) 4 Cal.5th 120, 137.) We apply this standard here.

*Analysis*

To justify the court's felony sentence, there must be sufficient evidence showing either the vehicle's value exceeded $950 or defendant committed posttheft driving. Defendant asserts the probation report does not include the value of the car, nor does it indicate posttheft driving because there was no "substantial break" between the theft and

driving. Defendant is correct that there is no evidence in the probation report of the car's value, so a felony under a theft theory was unsupported. Still, defendant could properly be convicted and sentenced on a felony for posttheft driving. Defendant admitted to police, as relayed in the stipulated factual basis for her plea, that she drove the car and suspected it was stolen. She also told police multiple times she did not participate in the theft and instead Browning picked her up in the stolen car after the theft. This clearly supports a conviction for posttheft driving.

Even if she was an accomplice in the taking, as she now contends, there was evidence of a substantial break between the theft and her driving. Defendant was picked up in the stolen car in Vallejo and defendant was found in the car a day later in a completely different city. Browning, who originally stole the car, was not present, the car had been stripped of its radio, and drugs and clothing were found in the car. Defendant also admitted they were on their way to a third city for her mom's funeral. This evidence supports a finding the theft had been completed so defendant could be found guilty of posttheft driving under section 10851, subdivision (a). Thus, as a wobbler, the court could properly exercise its discretion to sentence defendant's conviction as a felony. (Pen. Code, § 17, subd. (b); *People v. Park* (2013) 56 Cal.4th 783, 791.)

DISPOSITION

The judgment is affirmed.

/s/_____<br>
BLEASE, Acting P. J.

We concur:

/s/_____<br>
HULL, J.

/s/_____<br>
MURRAY, J.