Filed 3/24/22  P. v. Villa CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F081627 |
| Plaintiff and Respondent, | |
| v. | (Kings Super. Ct. No. 96CM7460) |
| JESSE MANUEL VILLA, | **OPINION** |
| Defendant and Appellant. | |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kings County.  Valerie R. Chrissakis, Judge.

William D. Farber, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Hill, P. J., Franson, J. and Meehan, J.

## INTRODUCTION

In 1997, appellant and defendant Jesse Manuel Villa was convicted after a jury trial of first degree residential burglary (Pen. Code, § 459),[1] and the jury found true the prior conviction allegations. He was sentenced to the third strike term of 25 years to life.

In 2020, defendant filed a petition for resentencing based on *People v. Delgado* (2008) 43 Cal.4th 1059 (*Delgado*) and asserted there was insufficient evidence that his prior convictions for assault with a deadly weapon were serious felonies and strikes. The superior court denied the petition.

On appeal, his appellate counsel has filed a brief which summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

Defendant was arrested for committing a residential burglary in April 1996 and taking over $16,000 in cash that was hidden in the resident's bedroom. The burglary occurred when the resident left the country. The resident loaned cash to defendant on previous occasions. Defendant was seen with large amounts of cash after the burglary, and claimed he discovered the house had been burglarized and picked up the cash scattered around the floor, but there were inconsistencies in his statements.

On March 25, 1997, an amended information was filed in the Superior Court of Kings County that charged defendant with count 1, burglary (§ 459); and alleged he had two prior strike convictions and two prior prison term enhancements (§ 667.5, subd. (b)), based on two prior convictions for assault with a deadly weapon (§ 245, subd. (a)(1)),

---

[1] All further statutory citations are to the Penal Code unless otherwise indicated.

[2] This court's opinion from defendant's first appeal, *People v. Jesse Manuel Villa* (F029209, Oct. 25, 1999 [nonpub. opn.]) was augmented as part of the instant appellate record, along with the verdict forms from his trial. Defendant cited to this court's opinion for the factual and procedural history in his brief, and we similarly do so.

2.

that occurred in case No. 92-31525 on May 18, 1992; and in case No. C10593 on June 8, 1992.

**The Jury's Verdicts**

On July 30, 1997, after a jury trial, defendant was convicted of first degree residential burglary.

On the same day, the bifurcated trial was held before the jury on the prior conviction allegations. According to the minute order, the prosecution introduced documentary exhibits to prove the prior conviction allegations, consisting of a preliminary hearing transcript, change-of-plea form, sentencing transcript, and abstract of judgment.

Thereafter, the jury found the prior conviction allegations true. According to the verdict forms that are part of the instant record, the jury found true as to each prior conviction that defendant was convicted of assault with a deadly weapon "and in the commission of that did personally use a dangerous or deadly weapon, a serious felony within the meaning of … Section 667(d) and (e)…." The jury also found true the two prior prison term enhancements based on the same two prior convictions.

**Sentencing**

On August 27, 1997, the court sentenced defendant to the third strike term of 25 years to life, plus two one-year terms for the prior prison term enhancements.

**Defendant's First Appeal**

On October 25, 1999, this court affirmed defendant's conviction and sentence in *People v. Jesse Manuel Villa*, *supra*, F029209. We rejected his arguments that his pretrial statements to a detective should have been suppressed, claims of instructional error, and challenges to the "Three Strikes" law. Remittitur was issued on January 20, 2000.

## DEFENDANT'S PETITIONS FOR RESENTENCING

### Defendant's First Petition

On January 18, 2013, defendant filed a motion for recall and resentencing of his third strike term pursuant to section 1170.126 and argued his two prior strike convictions for assault with a deadly weapon were not serious or violent felony convictions within the meaning of the Three Strikes law.

On February 27, 2013, the court denied defendant's motion and found he was not eligible for resentencing under section 1170.126 because he was convicted of first degree residential burglary in violation of section 459, a serious felony. Defendant did not file an appeal from this order.[3]

### Defendant's Second Petition

The subject of the instant appeal is the petition defendant filed on July 15, 2020, in the Superior Court of Kings County, again seeking resentencing of his third strike term. In this petition, defendant argued his two prior convictions for assault with a deadly weapon in violation of section 245 were not strikes because they did not involve the actual infliction of great bodily injury or the use of a firearm within the meaning of sections 667, subdivision (d)(1), 667.5, subdivision (c)(8), or 1192.7, subdivision (c), based on *People v. Delgado, supra,* 43 Cal.4th 1059.

---

[3] Prior to approval of Proposition 36, the Three Strikes law provided that defendants who committed a felony and had two or more prior convictions for serious or violent felonies were to be sentenced to an indeterminate term of life imprisonment with a minimum term of at least 25 years. (§ 1170.12, former subds. (b), (c)(2)(A); *People v. Perez* (2018) 4 Cal.5th 1055, 1061–1062; *People v. Estrada* (2017) 3 Cal.5th 661, 666–667.) "Following enactment of Proposition 36, defendants are now subject to a lesser sentence when they have two or more prior strikes and are convicted of a felony that is neither serious nor violent, unless an exception applies." (*People v. Estrada,* at p. 667.) First degree residential burglary in violation of section 459 is a serious felony (§ 1192.7, subd. (c)(18)).

**Assault With a Deadly Weapon and Delgado**

"Before the passage of Proposition 21 in 2000, section 245 was not among the crimes enumerated in section 1192.7, and a conviction under section 245 could qualify as a prior serious felony only if the defendant 'personally inflict[ed] great bodily injury on any person other than an accomplice,' 'personally use[d] a firearm,' or 'personally use[d] a dangerous or deadly weapon.' [Citations.] Because a conviction under section 245, subdivision (a)(1) could result from aiding and abetting another in an assault committed with a deadly weapon, or from personally committing an assault by means which were *likely* to cause great bodily injury, but which did not involve the use of a weapon or actually result in great bodily injury, proof that the defendant suffered a conviction under section 245, subdivision (a)(1) was not itself enough to demonstrate the crime was a serious felony." (*People v. Banuelos* (2005) 130 Cal.App.4th 601, 604–605.)

"Proposition 21 added subdivision (c)(31) to section 1192.7's list of serious felonies: 'assault with a deadly weapon, firearm, machinegun, assault weapon, or semiautomatic firearm or assault on a peace officer or firefighter, in violation of section 245....' A conviction for assault *with a deadly weapon* under section 245, subdivision (a)(1) now qualifies as a serious felony whether or not the defendant was convicted as a direct perpetrator or as an aider and abettor. [Citation.] But the amendment did not change the status of an assault *by means of force likely to produce great bodily injury,* the other variant of section 245, subdivision (a)(1). Even under the amended law, a conviction of assault by means likely to cause great bodily injury is not a serious felony unless it also involves the use of a deadly weapon or actually results in the personal infliction of great bodily injury." (*People v. Banuelos, supra*, 130 Cal.App.4th at p. 605.)

In *Delgado,* the defendant pleaded guilty to a violation of section 245, subdivision (a)(1), assault committed either by means likely to produce great bodily injury or with a deadly weapon. (*Delgado, supra*, 43 Cal.4th at p. 1064.) A conviction

5.

under the deadly weapon prong was a serious felony, while a conviction under the great bodily injury prong was not a serious felony. (*Id*. at p. 1065.) *Delgado* held that "if the prior conviction was for an offense that can be committed in multiple ways, and the record of the conviction does not disclose how the offense was committed, a court must presume the conviction was for the least serious form of the offense. [Citations.] In such a case, if the statute under which the prior conviction occurred could be violated in a way that does not qualify for the alleged enhancement, the evidence is thus insufficient, and the People have failed in their burden." (*Id*. at p. 1066.) "Where … the abstract first identified the statute by section number, then separately and clearly described only one of the two means by which the statute can be violated, the court was not required to assume the descriptive language was mere surplusage." (*Id.* at p. 1071; *People v. Miles* (2008) 43 Cal.4th 1074, 1093–1094; *People v. Self* (2012) 204 Cal.App.4th 1054, 1061.)

*Delgado* held that in determining whether the conviction was a serious or violent offense, "otherwise admissible evidence from the entire record of the conviction may be examined to resolve the issue," and the trier of fact is entitled to draw reasonable inferences from certified records offered to prove a defendant suffered a prior conviction. (*Delgado, supra*, 43 Cal.4th at pp. 1065, 1066.) *Delgado* concluded the prosecution satisfied its burden to establish the conviction was a serious felony, based on entries in the official abstract of judgment that sufficiently established defendant's conviction was for assault with a deadly weapon, and defendant presented no rebuttal evidence. (*Id*. at pp. 1069–1070.)

**The Court's Denial of Defendant's Petition**

On July 16, 2019, the trial court denied defendant's petition that was based on *Delgado*.

> "After review of Defendant's motion, relevant authority, and the court record, this court finds that Defendant's claim is legally misplaced. This court notes that unlike the defendant in … *Delgado*, Defendant's conviction occurred prior to amendments under Proposition 21. However,

6.

before Proposition 21 added subdivision (c)(31) to Penal Code § 1192.7 in 2000, a violation of Penal Code [section] 245[, subdivision] (a)(1) was still a serious prior felony under subdivisions (c)(8) ['any felony in which the defendant personally inflicts great bodily injury on any person, other than an accomplice, or any felony in which the defendant personally uses a firearm'] and (c)(23) ['any felony in which the defendant personally used a dangerous or deadly weapon']. Defendant has presented no authority for his conclusion that … [section] 667.5[, subdivision] (c)(8) is controlling and requires an assault to be one in which he inflicted great bodily injury or used a firearm in order to qualify as a strike.…

"Here, the verdict forms reflect the jury found true that on May 18, 1992 and June 8, 1992, Defendant was convicted of … [section] 254[, subdivision] (a)(1). The verdict forms each state the following: '[A]ssault with a deadly weapon, and in the commission of that [Defendant] did personally use a dangerous or deadly weapon.' To the extent Defendant may erroneously believe … *Delgado* stands for the conclusion that descriptions on an abstract of judgment may not be used to find a prior conviction under Penal Code [section] 254[, subdivision] (a)(1), the *Delgado* court made no such finding.… In Defendant's case, the record indicates the jury was provided with factual information about Defendant's prior convictions in order to reach their conclusion he personally used a dangerous or deadly weapon in both instances.… These prior conviction findings of the jury establish a prior serious felony conviction under the law as written at the time.… The holding in … *Delgado* does not undermine this. As to Defendant's comments about the general circumstances leading up to these prior incidents and injuries occurring thereafter, this court is not entitled to reweigh evidence to draw inferences different than the trier of fact."

On August 20, 2020, defendant filed a notice of appeal from the court's order of July 16, 2020.

## DISCUSSION

As noted above, defendant's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that defendant was advised he could file his own brief with this court. By letter on February 10, 2021, we invited defendant to submit additional briefing. To date, he has not done so.

7.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.[4]

## DISPOSITION

The judgment is affirmed.

---

[4] The trial court properly denied defendant's petition for resentencing under *Delgado* based on the verdict forms that show that at his trial for first degree burglary, the jury heard evidence on the prior conviction allegations, and expressly found defendant committed the two prior offenses of assault with a deadly weapon and that he personally used a dangerous or deadly weapon in the commission of the prior offenses so that they were serious felonies.