Filed 12/11/23 P. v. Cross CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C095957 |
| Plaintiff and Respondent, | (Super. Ct. No. 21FE009616) |
| v. | |
| JEFFREY MARTIN CROSS, | |
| Defendant and Appellant. | |

Among other charges, a jury found defendant Jeffrey Martin Cross guilty of assault with force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4)),[1] and in bifurcated proceedings also found he suffered two prior serious felony convictions (§ 667, subd. (a)). The trial court sentenced Cross to an aggregate term of 26 years, plus

---

[1] Undesignated statutory references are to the Penal Code.

1

25 years to life, which included two five-year prior serious felony enhancements (§ 667, subd. (a)) on the assault conviction.

On appeal, Cross contends, and the People agree, that the trial court erred in imposing the five-year prior serious felony enhancements on the assault with force likely to produce great bodily injury conviction, as that is not a serious felony. Cross also contends trial counsel rendered ineffective assistance of counsel by failing to ask the trial court to dismiss the prior serious felony enhancements under amended section 1385, subdivision (c) and the abstract of judgment incorrectly reflects a conviction under section 245, subdivision (a)(1) rather than section 245, subdivision (a)(4), and must be corrected.

We agree with the parties that the trial court erred in imposing two five-year prior serious felony enhancements on the assault with force likely to produce great bodily injury. Accordingly, we will strike those enhancements, vacate the sentence, and remand the matter for a full resentencing. Based on this disposition, we need not address Cross's remaining claims.

BACKGROUND

Bill H. and Ben G. were friends living in a homeless camp. They both also knew Cross, who camped near them and came by their camp daily. Early one morning, Cross attacked Bill H. while he was in his sleeping bag. Cross hit and kicked Bill H. repeatedly, and Ben G. saw Cross pick up a wooden stool and hit Bill H. with it. Bill H. was knocked unconscious and suffered bruised and cracked ribs. Later that morning, Cross returned to the camp and Cross and Bill H. argued. Cross told Bill H. and Ben G. that he if was going back to prison for the rest of his life, it would be for a reason. Bill H. took this as a threat to kill him.

A jury found Cross guilty of assault with force likely to produce great bodily injury (§ 245, subd. (a)(4)), making criminal threats (§ 422), and dissuading a witness (§ 136.1, subd. (c)). In bifurcated proceedings, the jury also found Cross had suffered

2

three prior strike convictions (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and two prior serious felony convictions (§ 667, subd. (a)). The trial court sentenced Cross to an aggregate term of 26 years plus 25 years to life, which included: 25 years to life on making criminal threats and dissuading a witness under the three strikes law (§ 667, subd. (e)(2)(A)(ii)); a three-year term on the assault conviction, doubled to six under the three strikes law (§ 667, subd. (e)(1)); and two five-year prior serious felony enhancements (§ 667, subd. (a)) on both the assault and dissuading a witness convictions. Cross filed a notice of appeal with this court in March 2022. His opening brief was filed in June 2023, and this case was fully briefed on October 5, 2023.

## DISCUSSION

The parties agree the trial court erred in imposing two prior serious felony enhancements on the assault with force likely to produce great bodily injury, as that conviction is not a serious felony.

Section 667, subdivision (a) provides for a five-year sentence enhancement when a defendant convicted of a "serious felony" listed in section 1192.7, subdivision (c) has been previously convicted of a serious felony. (§ 667, subd. (a)(1), (4).) Without something more, assault with force likely to produce great bodily injury is not a serious felony under section 1192.7, subdivision (c). (*People v. Banuelos* (2005) 130 Cal.App.4th 601, 604; *People v. Haykel* (2002) 96 Cal.App.4th 146, 149-151; § 1192.7, subd. (c)(11), (13), (31), (32) [involves the use of a deadly weapon]; § 1192.7, subd. (c)(10), (29) [committed with the intent to commit another specified offense such as rape or robbery]; § 1192.7, subd. (c)(12), (31), (32) [committed against a particular class of victims]; § 1192.7, subd. (c)(8) [results in personal infliction of great bodily injury].) There was no finding of "something more" in this case. Because Cross's conviction for assault with force likely to produce great bodily injury was not a serious felony under section 1192.7, subdivision (c), the trial court erred in imposing two five-year prior serious felony enhancements on that conviction and these enhancements must be stricken.

3

When part of a sentence is stricken on review, remand for a full resentencing on all counts and allegations is appropriate, unless the court already imposed the maximum allowable term. (*People v. Buycks* (2018) 5 Cal.5th 857, 893, 896, fn. 15.) Here, the trial court did not impose the maximum possible sentence. On remand, Cross is entitled to a full resentencing where the trial court may reconsider all sentencing choices, so the court can exercise its discretion in light of any changed circumstances. (*Id.* at p. 893.)

## DISPOSITION

The two five-year prior serious felony enhancements imposed on the assault with force likely to produce great bodily injury conviction are stricken, the sentence is vacated, and the matter is remanded for a full resentencing. (*Peracchi v. Superior Court* (2003) 30 Cal.4th 1245, 1254-1255.)

/s/
BOULWARE EURIE, J.

We concur:

/s/
EARL, P. J.

/s/
ROBIE, J.

4