Filed 7/29/25  P. v. Williams CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOHN WILLIAMS III,<br><br>    Defendant and Appellant. | F088652/F088653/F088680<br>(Consolidated)<br><br>(Super. Ct. Nos. BF190118A,<br>BF199425A & BV014596A)<br><br><br>**OPINION** |

-ooOoo-

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Kern County.  Charles R. Brehmer, Judge.

Martin Baker, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Eric L. Christofferson, and John Merritt, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Levy, Acting P. J., Peña, J. and De Santos, J.

## INTRODUCTION

In September 2024, appellant John Williams III was sentenced in multiple criminal cases, including for a conviction of second degree robbery in Kern County Superior Court case number BF199425A. Appellant received an aggregate prison term of nine years four months.

The parties agree, as do we, that insufficient evidence supports the trial court's finding of a prior serious felony conviction. We reverse that true finding and vacate the sentence. Appellant acknowledges that the People may, on remand, present additional evidence to demonstrate that the prior conviction qualifies as a strike offense. (See *People v. Banuelos* (2005) 130 Cal.App.4th 601, 607–608 (*Banuelos*).) We remand for further proceedings.

## BACKGROUND

Appellant does not challenge the sufficiency of the evidence supporting his convictions in his multiple criminal matters. We summarize only the facts relevant to Kern County Superior Court case number BF199425A.[1]

In 2023, appellant confronted the victim while brandishing an apparent handgun. Appellant took grocery bags from the victim, which contained "junk" the victim had recently found. Law enforcement responded, and appellant initially gave a false name. He was found in possession of an unloaded pellet gun. The property was recovered and returned to the victim.

A jury convicted appellant of second degree robbery (Pen. Code, § 212.5, subd. (c);[2] count 1) and found true that appellant personally used a deadly or dangerous

---

[1]     On January 8, 2025, this court granted appellant's request to consolidate the appeals in case Nos. F088652, F088653, and F088680 under lead case No. F088652. The court also granted appellant permission to file a single opening brief. In his consolidated opening brief, appellant raises only one issue, which pertains solely to Kern County Superior Court case number BF199425A.

[2]     All future statutory references are to the Penal Code unless otherwise noted.

2.

weapon (§ 12022, subd. (b)(1)).  Appellant was also convicted of giving false information to a police officer, a misdemeanor (§ 148.9; count 2).

Following these convictions, a bifurcated trial was held regarding a prior strike allegation.  The trial court found true that appellant had suffered a prior serious felony conviction from 2006.  Based on this finding, appellant's prison sentence was doubled under the "Three Strikes" law.

## DISCUSSION

**I.      The Trial Court's True Finding must be Reversed for Insufficient Evidence.**

The parties agree that insufficient evidence supports the trial court's true finding that appellant suffered a prior serious felony conviction in 2006.

Appellant's 2006 conviction was for assault under section 245, former subdivision (a)(1).  At that time, the statute included both (1) assault with a deadly weapon and (2) assault by means of force likely to produce great bodily injury.  (See § 245, former subd. (a)(1).)  The former qualifies as a serious felony under the Three Strikes law while the latter does not.  (§ 1192.7, subd. (c)(31); *People v. Hudson* (2018) 28 Cal.App.5th 196, 203.)

Here, the parties are correct that the evidence is insufficient to establish that appellant's 2006 conviction was for assault with a deadly weapon.  The abstract of judgment describes this offense as "PC 245(A)(1) ADW/GBI: FORCE NOT F1."  In *Banuelos*, similar vague notations—such " 'ASSAULT GBI W/DEADLY WEAPON' "—were held insufficient to establish beyond a reasonable doubt that the defendant had committed a prior strike offense.  (*Banuelos, supra,* 130 Cal.App.4th at pp. 605–607.)

This record does not demonstrate beyond a reasonable doubt which prong of section 245, former subdivision (a)(1), underlies appellant's conviction.  The ambiguous abstract could reasonably be read as reflecting a conviction under the "force likely to

produce great bodily injury" prong—an offense that is not a serious felony under the Three Strikes law.  Accordingly, the trial court's strike finding must be reversed because the prosecution is required to prove each element of this sentence enhancement beyond a reasonable doubt.  (See *People v. Tenner* (1993) 6 Cal.4th 559, 566.)

The People, however, shall have the opportunity to retry this allegation.

## II.     Retrial of the Prior Conviction Allegation is Permissible.

A retrial of a prior conviction allegation following reversal for insufficient evidence does not violate double jeopardy or due process principles.  As the court explained in *Banuelos*, when the prosecution fails to prove a strike allegation due to insufficient evidence, the proper remedy is reversal and remand to allow the People to retry the allegation using admissible portions of the record of conviction.  (*Banuelos, supra,* 130 Cal.App.4th at pp. 607–608.)  This approach is consistent with *Monge v. California* (1998) 524 U.S. 721, 734, where the United States Supreme Court held that double jeopardy protections do not apply to the retrial of sentence enhancement allegations such as prior convictions.  Accordingly, we accept appellant's concession that a retrial is appropriate in this situation.

### DISPOSITION

In Kern County Superior Court case number BF199425A, the true finding on the prior serious felony conviction allegation is reversed and the sentence is vacated.  This matter is remanded for a retrial on the prior conviction allegation if the People so elect, or for a new sentencing hearing if the People do not so elect.  In all other respects, the judgment is affirmed.